Mark J. Tamblyn (State Bar No. 179272)
    mjt@wexlerwallace.com
Ian J. Barlow (State Bar No. 262213)
    ijb@wexlerwallace.com
**WEXLER WALLACE LLP**
455 Capitol Mall, Suite 231
Sacramento, California  95814
Telephone: (916) 492-1100
Facsimile:  (916) 492-1124

Lee Squitieri
    lee@sfclasslaw.com
Caitlin Duffy
    caitlin@sfclasslaw.com
**SQUITIERI & FEARON, LLP**
32 E. 57th St., 12th Floor
New York, New York  10022
Telephone: (212) 421-6492
Facsimile:  (212) 421-6553

Attorneys for *Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AMBROSINO, ANGELA ASHWORTH, BERNARD BUTTERFIELD, CARLO CAMARENA, SUSAN CLARKE, GEORGE FRANSWAY, SUSAN GIEBELHAUS, VICKI GROTHO, DAN GRAHAM, CHRISTOPHER GRAHAM, MICHAEL GRAY, BRYAN HOUSER, PEGGY JENSEN, JUDIE LESLIE, ANTHONY LUCAS, JENNIFER MACHAMER, MICHAEL MCGINLEY, TIMOTHY MILLER,  CHRISTOPHER MILLS, KEVIN MUSSRO, DANE OWENS, BRIAN WILLAIMSON, ANTHONY AEMMER, TAMMY AMES, RAYMOND ARROYO, TIMOTHY BEATTY, FRANK BELL, GORDON BRIANS, MICHAEL SCOTT BROWN, STEVEN R. CARDINAL, MANUAL CARREON, STEPHEN MICHAEL CARRETTA, JOE CASTRO, FERNANDO CENTENO, Jr. LEE CEROVAC, JOHN CHAMBERS, SALVATORE CHIAPPARA, LOUIS COLEMAN, JEFFREY COX, MATTHEW CUNNINGHAM, DAVID J. DAVIS, SARBPREET DHALIWAL, DONALD MARK ENGLE, MERAT FAROKHNIA, BRYAN FARWELL, ROBERT FISHER, DAVID FLORES, PHILLIP FONSECA, | Case No. **'11CV1319 L    MDD**<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

-1-

1  MICHAEL FRACCALVIERI, STEPHANIE
   GEE, GILBERT GONZALES, JAMES
2  GREEN, MICHAEL GREEN JR., RICHARD
   HARRISON, ROBERT HASSIS, DANIEL
3  HERNANDEZ, KEVIN HOPP, ROGER
   HUGHES, JR., DAVID INGLE, DAVID
4  JOHNSON, GARY KERAMES, CRAIG
   KING, WILLIAM KIPP, JR., DAVID
5  JOHNSON, DENISE KNUDSEN, DAVID
   KONKEL, ALVIN DAVID LARSON,
6  GILBERT LEOESMA, JOSEPH LEON,
   ANA LOPEZ, JOSEPH LORENZ,
7  LYNETTE MASMEYER, JOHN C.
   MAURICIO, DEBORAH LYNN
8  McDONALD, TIMOTHY McDOWELL,
   DENNIS McMANUS, JOSE MENDOZA,
9  MICHA MILLER, MATTHEW MOHLEN,
   DANA MUSKOVA, DIANNE NEWAYNO,
10 BRIAN NORDSTROM, MICHAEL
   O'BRYAN, MICHAEL PASZOWSKI,
11 BRIAN PEARSON, ELIZABETH PETERS,
   ROBERT PHILLIPS, NEIL RASMUSSON,
12 RON RIOS, THEODORE ROSETTE, LUIS
   RUBIN, DOMINIC RUBINO, JAIME
13 SALAZAR, MICHAEL SANCHEZ, SUSAN
   SCHWARTZ, DENNIS SILVA, GREGORY
14 SJOGREN, MONANGEL SOLORZANO,
   SOFIA TERRAZAS- KAAKE, DUANE T.
15 THIERRY, BRUCE W. ULRICH,
   LAWRENCE VALDOVINOS, FREDDIE V.
16 VALMOJA, VIRGIL VANCE, MARTIN
   VILLANUEVA, STEVE WEISS, CRAIG S.
17 WILLIAMS, TRYSTA WILSON, ERNY
   MELIA, AND JEAN WILLIAMS,
18
                    Plaintiffs,
19       v.
20 HOME DEPOT U.S.A., INC.,
21                 Defendant.
22
23       John Ambrosino, Angela Ashworth, Bernard Butterfield, Carlo Camarena, Susan Clarke,
24 George Fransway, Susan Giebelhaus, Vicki Grotho, Dan Graham, Christopher Graham, Michael
25 Gray, Bryan Houser, Peggy Jensen, Judie Leslie, Anthony Lucas, Jennifer MacHamer, Michael
26 McGinley, Timothy Miller,  Christopher Mills, Kevin Mussro, Dane Owens, Brian Willaimson,
27 Anthony Aemmer, Tammy Ames, Raymond Arroyo, Timothy Beatty, Frank Bell, Gordon Brians,
28 Michael Scott Brown, Steven R. Cardinal, Manual Carreon, Stephen Michael Carretta, Joe

Castro, Fernando Centeno, Jr., Lee Cerovac, John Chambers, Salvatore Chiappara, Louis Coleman, Jeffrey Cox, Matthew Cunningham, David J. Davis, Sarbpreet Dhaliwal, Donald Mark Engle, Merat Farokhnia, Bryan Farwell, Robert Fisher, David Flores, Phillip Fonseca, Michael Fraccalvieri, Stephanie Gee, Gilbert Gonzales, James Green, Michael Green Jr., Richard Harrison, Robert Hassis, Daniel Hernandez, Kevin Hopp, Roger Hughes, Jr., David Ingle, David Johnson, Gary Kerames, Craig King, William Kipp, Jr., David Johnson, Denise Knudsen, David Konkel, Alvin David Larson, Gilbert Leoesma, Joseph Leon, Ana Lopez, Joseph Lorenz, Lynette Masmeyer, John C. Mauricio, Deborah Lynn McDonald, Timothy McDowell, Dennis Mcmanus, Jose Mendoza, Micha Miller, Matthew Mohlen, Dana Muskova, Dianne Newayno, Brian Nordstrom, Michael O'Bryan, Michael Paszowski, Brian Pearson, Elizabeth Peters, Robert Phillips, Neil Rasmusson, Ron Rios, Theodore Rosette, Luis Rubin, Dominic Rubino, Jaime Salazar, Michael Sancez, Susan Schwartz, Dennis Silva, Gregory Sjogren, Monangel Solorzano, Sofia Terrazas- Kaake, Duane T. Thierry, Bruce W. Ulrich, Lawrence Valdovinos, Freddie V. Valmoja, Virgil Vance, Martin Villanueva, Steve Weiss, Craig S. Williams, Trysta Wilson, Erny Melia, and Jean Williams (collectively the "Plaintiffs"), each bring a complaint against Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), and allege as follows:

## PRIOR LITIGATION

1.     Each Plaintiff originally opted into the case styled *Aquilino, et al. v. Home Depot U.S.A., Inc.*, Case No. 04-cv-4100, which is currently pending in the District Court of New Jersey before Judge Sheridan. *Aquilino* asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  By filing consents to join, the statute of limitations was tolled on Plaintiffs' claims and have remained tolled by order of the District Court of New Jersey until June 15, 2011.

2.     On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice the opt-in plaintiffs in *Aquilino*, further holding that the tolling of the statutes of limitations of the opt-in plaintiffs' claims conclude and such statute continues to run for each plaintiff for its unexpired portion on June 15, 2011.

3.     Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.* and to remedy Home Depot's violations of the wage and hour provisions of the FLSA which has

-3-

1   deprived Plaintiffs of lawful wages.

2       4.    Certain Plaintiffs also bring claims under applicable state wage and hour laws.

3   Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to

4   FLSA and state laws for all hours worked over 40 hours.  Each Plaintiff is entitled to such

5   overtime compensation for all hours worked over 40 hours per week for the time period of at least

6   three years prior to the time the Plaintiff consented to join *Aquilino.*

7   **JURISDICTION AND VENUE**

8       5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and under

9   section 216(b) of the FLSA, 29 U.S.C. § 216(b).

10       6.    This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant

11   to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that

12   they form a part of the same case or controversy between the parties.

13       7.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

14   **PARTIES**

15   **Arizona-Employed Plaintiffs**

16       8.    Plaintiff John Ambrosino is a current or former employee of Home Depot who

17   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

18   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

19   compensation by Home Depot.  As an MASM, Plaintiff Ambrosino's primary duties consisted of

20   non-managerial tasks of manual labor and customer service.

21       9.    Plaintiff Angela Ashworth is a former employee of Home Depot who routinely

22   worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

23   the applicable time period, and was unlawfully deprived of overtime compensation by Home

24   Depot.  As an MASM, Plaintiff Ashworth's primary duties consisted of non-managerial tasks of

25   manual labor and customer service.

26       10.    Plaintiff Bernard Butterfield is a current or former employee of Home Depot who

27   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

28   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

-4-

1   compensation by Home Depot.  As an MASM, Plaintiff Butterfield's primary duties consisted of

2   non-managerial tasks of manual labor and customer service.

3         11.    Plaintiff Carlo Camarena is a current or former employee of Home Depot who

4   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

5   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

6   compensation by Home Depot.  As an MASM, Plaintiff Camarena's primary duties consisted of

7   non-managerial tasks of manual labor and customer service.

8         12.    Plaintiff Susan Clarke is a current or former employee of Home Depot who

9   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

10  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

11  compensation by Home Depot.  As an MASM, Plaintiff Clarke's primary duties consisted of non-

12  managerial tasks of manual labor and customer service.

13        13.    Plaintiff George Fransway is a current or former employee of Home Depot who

14  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

15  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

16  compensation by Home Depot.  As an MASM, Plaintiff Fransway's primary duties consisted of

17  non-managerial tasks of manual labor and customer service.

18        14.    Plaintiff Susan Giebelhaus is a current or former employee of Home Depot who

19  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

20  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

21  compensation by Home Depot.  As an MASM, Plaintiff Giebelhaus' primary duties consisted of

22  non-managerial tasks of manual labor and customer service.

23        15.    Plaintiff Vicki Grotho is a current or former employee of Home Depot who

24  routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

25  ("MASM") within the applicable time period, and was unlawfully deprived of overtime

26  compensation by Home Depot.  As an MASM, Plaintiff Grotho's primary duties consisted of

27  non-managerial tasks of manual labor and customer service.

28        16.    Plaintiff Dan Graham is a current or former employee of Home Depot who

COMPLAINT

1    routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

2    ("MASM") within the applicable time period, and was unlawfully deprived of overtime

3    compensation by Home Depot.  As an MASM, Plaintiff Graham's primary duties consisted of

4    non-managerial tasks of manual labor and customer service.

5         17.    Plaintiff Christopher Graham is a current or former employee of Home Depot who

6    routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

7    ("MASM") within the applicable time period, and was unlawfully deprived of overtime

8    compensation by Home Depot.  As an MASM, Plaintiff Graham's primary duties consisted of

9    non-managerial tasks of manual labor and customer service.

10        18.    Plaintiff Michael Gray is a current or former employee of Home Depot who

11   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

12   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

13   compensation by Home Depot.  As an MASM, Plaintiff Gray's primary duties consisted of non-

14   managerial tasks of manual labor and customer service.

15        19.    Plaintiff Brian Houser is a former employee of Home Depot who routinely worked

16   over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the

17   applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.

18   As an MASM, Plaintiff Houser's primary duties consisted of non-managerial tasks of manual

19   labor and customer service.

20        20.    Plaintiff Peggy Jensen is a current or former employee of Home Depot who

21   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

22   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

23   compensation by Home Depot.  As an MASM, Plaintiff Jensen's primary duties consisted of non-

24   managerial tasks of manual labor and customer service.

25        21.    Plaintiff Judie Leslie is a current or former employee of Home Depot who

26   routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

27   ("MASM") within the applicable time period, and was unlawfully deprived of overtime

28   compensation by Home Depot.  As an MASM, Plaintiff Leslie's primary duties consisted of non-

-6-

1 | managerial tasks of manual labor and customer service.

2 |      22.    Plaintiff Anthony Lucas is a current or former employee of Home Depot who

3 | routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

4 | ("MASM") within the applicable time period, and was unlawfully deprived of overtime

5 | compensation by Home Depot.  As an MASM, Plaintiff Lucas' primary duties consisted of non-

6 | managerial tasks of manual labor and customer service.

7 |      23.    Plaintiff Jennifer MacHamer is a current or former employee of Home Depot who

8 | routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

9 | ("MASM") within the applicable time period, and was unlawfully deprived of overtime

10 | compensation by Home Depot.  As an MASM, Plaintiff MacHamer's primary duties consisted of

11 | non-managerial tasks of manual labor and customer service.

12 |      24.    Plaintiff Michael McGinley is a current or former employee of Home Depot who

13 | routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

14 | ("MASM") within the applicable time period, and was unlawfully deprived of overtime

15 | compensation by Home Depot.  As an MASM, Plaintiff McGinley's primary duties consisted of

16 | non-managerial tasks of manual labor and customer service.

17 |      25.    Plaintiff Timothy Miller is a current or former employee of Home Depot who

18 | routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

19 | ("MASM") within the applicable time period, and was unlawfully deprived of overtime

20 | compensation by Home Depot.  As an MASM, Plaintiff Miller's primary duties consisted of non-

21 | managerial tasks of manual labor and customer service.

22 |      26.    Plaintiff Christopher Mills is a current or former employee of Home Depot who

23 | routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

24 | ("MASM") within the applicable time period, and was unlawfully deprived of overtime

25 | compensation by Home Depot.  As an MASM, Plaintiff Mills' primary duties consisted of non-

26 | managerial tasks of manual labor and customer service.

27 |      27.    Plaintiff Kevin Mussro is a current or former employee of Home Depot who

28 | routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

-7-

("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Mussro's primary duties consisted of non-managerial tasks of manual labor and customer service.

28. Plaintiff Dane Owens is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Owens' primary duties consisted of non-managerial tasks of manual labor and customer service.

29. Plaintiff Brian Williamson is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Williamson's primary duties consisted of non-managerial tasks of manual labor and customer service.

**California-Employed Plaintiffs**

30. Plaintiff Anthony Aemmer is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Aemmer's primary duties consisted of non-managerial tasks of manual labor and customer service.

31. Plaintiff Tammy Ames is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Ames' primary duties consisted of non-managerial tasks of manual labor and customer service.

32. Plaintiff Raymond Arroyo is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Arroyo's primary duties consisted of non-managerial tasks of

-8-

1  manual labor and customer service.

2      33.    Plaintiff Timothy Beatty is a current employee of Home Depot who routinely

3  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

4  the applicable time period, and was unlawfully deprived of overtime compensation by Home

5  Depot.  As an MASM, Plaintiff Beatty's primary duties consisted of non-managerial tasks of

6  manual labor and customer service.

7      34.    Plaintiff Frank Bell is a former employee of Home Depot who routinely worked

8  over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the

9  applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.

10  As an MASM, Plaintiff Bell's primary duties consisted of non-managerial tasks of manual labor

11  and customer service.

12      35.    Plaintiff Gordon Brians is a former employee of Home Depot who routinely

13  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

14  the applicable time period, and was unlawfully deprived of overtime compensation by Home

15  Depot.  As an MASM, Plaintiff Brians' primary duties consisted of non-managerial tasks of

16  manual labor and customer service.

17      36.    Plaintiff Michael Scott Brown is a former employee of Home Depot who routinely

18  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

19  the applicable time period, and was unlawfully deprived of overtime compensation by Home

20  Depot.  As an MASM, Plaintiff Brown's primary duties consisted of non-managerial tasks of

21  manual labor and customer service.

22      37.    Plaintiff Steven R. Cardinal is a former employee of Home Depot who routinely

23  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

24  the applicable time period, and was unlawfully deprived of overtime compensation by Home

25  Depot.  As an MASM, Plaintiff Cardinal's primary duties consisted of non-managerial tasks of

26  manual labor and customer service.

27      38.    Plaintiff Michael Carreon is a former employee of Home Depot who routinely

28  worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Carreon's primary duties consisted of non-managerial tasks of manual labor and customer service.

39. Plaintiff Stephen Michael Carretta is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Carretta's primary duties consisted of non-managerial tasks of manual labor and customer service.

40. Plaintiff Joe Castro is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Castro's primary duties consisted of non-managerial tasks of manual labor and customer service.

41. Plaintiff Fernando Centeno, Jr. is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Centeno's primary duties consisted of non-managerial tasks of manual labor and customer service.

42. Plaintiff Lee Cerovac is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Cerovac's primary duties consisted of non-managerial tasks of manual labor and customer service.

43. Plaintiff John Chambers is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandising Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Chambers' primary duties consisted of non-managerial tasks of manual labor and customer service.

44.     Plaintiff Salvatore Chiappara is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Chiappara's primary duties consisted of non-managerial tasks of manual labor and customer service.

45.     Plaintiff Louis Coleman is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Coleman's primary duties consisted of non-managerial tasks of manual labor and customer service.

46.     Plaintiff Jeffrey Cox is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Cox's primary duties consisted of non-managerial tasks of manual labor and customer service.

47.     Plaintiff Matthew Cunningham is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Cunningham's primary duties consisted of non-managerial tasks of manual labor and customer service.

48.     Plaintiff David J. Davis is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Davis' primary duties consisted of non-managerial tasks of manual labor and customer service.

49.     Plaintiff Sarbpreet Dhaliwal is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home

-11-

Depot.  As an MASM, Plaintiff Daliwhal's primary duties consisted of non-managerial tasks of manual labor and customer service.

50.    Plaintiff Donald Mark Engle is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Engle's primary duties consisted of non-managerial tasks of manual labor and customer service.

51.    Plaintiff Merat Farokhnia is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Farokhnia's primary duties consisted of non-managerial tasks of manual labor and customer service.

52.    Plaintiff Bryan Farwell is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Farwell's primary duties consisted of non-managerial tasks of manual labor and customer service.

53.    Plaintiff Robert Fisher is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Fisher's primary duties consisted of non-managerial tasks of manual labor and customer service.

54.    Plaintiff David Flores is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff David Flores' primary duties consisted of non-managerial tasks of manual labor and customer service.

55.    Plaintiff Phillip Fonseca is a current employee of Home Depot who routinely

-12-

worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Fonseca's primary duties consisted of non-managerial tasks of manual labor and customer service.

56.     Plaintiff Michael Fraccalvieri is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Fraccalvieri's primary duties consisted of non-managerial tasks of manual labor and customer service.

57.     Plaintiff Stephanie Gee is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Gee's primary duties consisted of non-managerial tasks of manual labor and customer service.

58.     Plaintiff Gilbert Gonzales is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Gonzales' primary duties consisted of non-managerial tasks of manual labor and customer service.

59.     Plaintiff James Green is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Green's primary duties consisted of non-managerial tasks of manual labor and customer service.

60.     Plaintiff Michael Green, Jr. is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Green's primary duties consisted of non-managerial tasks of

-13-

1     manual labor and customer service.

2         61.     Plaintiff Richard Harrison is a former employee of Home Depot who routinely

3     worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

4     the applicable time period, and was unlawfully deprived of overtime compensation by Home

5     Depot. As an MASM, Plaintiff Harrison's primary duties consisted of non-managerial tasks of

6     manual labor and customer service.

7         62.     Plaintiff Anthony Robert Hassis is a former employee of Home Depot who

8     routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

9     ("MASM") within the applicable time period, and was unlawfully deprived of overtime

10     compensation by Home Depot. As an MASM, Plaintiff Hassis' primary duties consisted of non-

11     managerial tasks of manual labor and customer service.

12         63.     Plaintiff Daniel Hernandez is a former employee of Home Depot who routinely

13     worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

14     the applicable time period, and was unlawfully deprived of overtime compensation by Home

15     Depot. As an MASM, Plaintiff Hernandez's primary duties consisted of non-managerial tasks

16     manual labor and customer service.

17         64.     Plaintiff Kevin Hopp is a former employee of Home Depot who routinely worked

18     over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the

19     applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.

20     As an MASM, Plaintiff Hopp's primary duties consisted of non-managerial tasks of manual labor

21     and customer service.

22         65.     Plaintiff Roger Hughes, Jr. is a former employee of Home Depot who routinely

23     worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

24     the applicable time period, and was unlawfully deprived of overtime compensation by Home

25     Depot. As an MASM, Plaintiff Hughes' primary duties consisted of non-managerial tasks of

26     manual labor and customer service.

27         66.     Plaintiff David Ingle is a former employee of Home Depot who routinely worked

28     over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the

applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Ingle's primary duties consisted of non-managerial tasks of manual labor and customer service.

67.     Plaintiff David Johnson is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Johnson's primary duties consisted of non-managerial tasks of manual labor and customer service.

68.     Plaintiff Gary Kerames is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Kerames' primary duties consisted of non-managerial tasks of manual labor and customer service.

69.     Plaintiff Craig King is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff King's primary duties consisted of non-managerial tasks of manual labor and customer service.

70.     Plaintiff William Kipp, Jr. is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Kipp's primary duties consisted of non-managerial tasks of manual labor and customer service.

71.     Plaintiff David Johnson is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Johnson's primary duties consisted of non-managerial tasks of manual labor and customer service.

-15-

72.     Plaintiff Denise Knudsen is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Knudsen's primary duties consisted of non-managerial tasks of manual labor and customer service.

73.     Plaintiff David Konkel is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Konkel's primary duties consisted of non-managerial tasks of manual labor and customer service.

74.     Plaintiff Alvin David Larson is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Larson's primary duties consisted of non-managerial tasks of manual labor and customer service.

75.     Plaintiff Gilbert Leoesma is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Leoesma's primary duties consisted of non-managerial tasks of manual labor and customer service.

76.     Plaintiff Joseph Leon is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Leon's primary duties consisted of non-managerial tasks of manual labor and customer service.

77.     Plaintiff Ana Lopez is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.

As an MASM, Plaintiff Lopez's primary duties consisted of non-managerial tasks of manual labor and customer service.

78.     Plaintiff Joseph Lorenz is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Lorenz's primary duties consisted of non-managerial tasks of manual labor and customer service.

79.     Plaintiff Lynette Masmeyer is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Lynette Masmeyer's primary duties consisted of non-managerial tasks of manual labor and customer service.

80.     Plaintiff John C. Mauricio is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Mauricio's primary duties consisted of non-managerial tasks of manual labor and customer service.

81.     Plaintiff Deborah Lynn McDonald is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff McDonald's primary duties consisted of non-managerial tasks of manual labor and customer service.

82.     Plaintiff Timothy McDowell is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff McDowell's primary duties consisted of non-managerial tasks of manual labor and customer service.

83.     Plaintiff Dennis McManus is a former employee of Home Depot who routinely

-17-

worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff McManus' primary duties consisted of non-managerial tasks of manual labor and customer service.

84.     Plaintiff Jose Mendoza is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Mendoza's primary duties consisted of non-managerial tasks of manual labor and customer service.

85.     Plaintiff Micah Miller is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Miller's primary duties consisted of non-managerial tasks of manual labor and customer service.

86.     Plaintiff Matthew Mohlen is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Mohlen's primary duties consisted of non-managerial tasks of manual labor and customer service.

87.     Plaintiff Dana Muskova is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Muskova's primary duties consisted of non-managerial tasks of manual labor and customer service.

88.     Plaintiff Dianne Newayno is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Newayno's primary duties consisted of non-managerial tasks of

-18-

1     manual labor and customer service.

2        89.     Plaintiff Brian Nordstrom is a former employee of Home Depot who routinely

3 worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

4 the applicable time period, and was unlawfully deprived of overtime compensation by Home

5 Depot. As an MASM, Plaintiff Nordstrom's primary duties consisted of non-managerial tasks of

6 manual labor and customer service.

7        90.     Plaintiff Michael O'Bryan is a former employee of Home Depot who routinely

8 worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

9 the applicable time period, and was unlawfully deprived of overtime compensation by Home

10 Depot. As an MASM, Plaintiff O'Bryan's primary duties consisted of non-managerial tasks of

11 manual labor and customer service.

12        91.     Plaintiff Michael Paszowski is a former employee of Home Depot who routinely

13 worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

14 the applicable time period, and was unlawfully deprived of overtime compensation by Home

15 Depot. As an MASM, Plaintiff Paszowski's primary duties consisted of non-managerial tasks of

16 manual labor and customer service.

17        92.     Plaintiff Bryan Pearson is a former employee of Home Depot who routinely

18 worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

19 the applicable time period, and was unlawfully deprived of overtime compensation by Home

20 Depot. As an MASM, Plaintiff Pearson's primary duties consisted of non-managerial tasks of

21 manual labor and customer service.

22        93.     Plaintiff Elizabeth Peters is a former employee of Home Depot who routinely

23 worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

24 the applicable time period, and was unlawfully deprived of overtime compensation by Home

25 Depot. As an MASM, Plaintiff Peters' primary duties consisted of non-managerial tasks of

26 manual labor and customer service.

27        94.     Plaintiff Robert Phillips is a former employee of Home Depot who routinely

28 worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within

the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Phillips' primary duties consisted of non-managerial tasks of manual labor and customer service.

95. Plaintiff Neil Rasmusson is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Rassmusson's primary duties consisted of non-managerial tasks of manual labor and customer service.

96. Plaintiff Ron Rios is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Rios' primary duties consisted of non-managerial tasks of manual labor and customer service.

97. Plaintiff Theodore Rosette is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Rosette's primary duties consisted of non-managerial tasks of manual labor and customer service.

98. Plaintiff Luis Rubin is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Rubin's primary duties consisted of non-managerial tasks of manual labor and customer service.

99. Plaintiff Dominic Rubino is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Rubino's primary duties consisted of non-managerial tasks of manual labor and customer service.

100.    Plaintiff Jaime Salazar is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Salazar's primary duties consisted of non-managerial tasks of manual labor and customer service.

101.    Plaintiff Michael Sanchez is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Sanchez's primary duties consisted of non-managerial tasks of manual labor and customer service.

102.    Plaintiff Susan Schwartz is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Schwartz's primary duties consisted of non-managerial tasks of manual labor and customer service.

103.    Plaintiff Dennis Silva is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Silva's primary duties consisted of non-managerial tasks of manual labor and customer service.

104.    Plaintiff Gregory Sjogren is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Sjogren's primary duties consisted of non-managerial tasks of manual labor and customer service.

105.    Plaintiff  Monangel Soloranzo is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home

Depot.  As an MASM, Plaintiff Soloranzo's primary duties consisted of non-managerial tasks of manual labor and customer service.

106.   Plaintiff Sofia Terrazas-Kaake is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Terrazas-Kaake's primary duties consisted of non-managerial tasks of manual labor and customer service.

107.   Plaintiff Duane T. Thierry is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Thierry's primary duties consisted of non-managerial tasks of manual labor and customer service.

108.   Plaintiff Bruce W. Ulrich is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Ulrich's primary duties consisted of non-managerial tasks of manual labor and customer service.

109.   Plaintiff Lawrence Valdovinos is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Valdovinos' primary duties consisted of non-managerial tasks of manual labor and customer service.

110.   Plaintiff Freddie V. Valmoja is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.  As an MASM, Plaintiff Valamoja's primary duties consisted of non-managerial tasks of manual labor and customer service.

111.   Plaintiff Virgil Vance is a current employee of Home Depot who routinely worked

over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Vance's primary duties consisted of non-managerial tasks of manual labor and customer service.

112.   Plaintiff Martin Villanueva is a current employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.   As an MASM, Plaintiff Villanueva's primary duties consisted of non-managerial tasks of manual labor and customer service.

113.   Plaintiff Steve Weiss is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot. As an MASM, Plaintiff Weiss' primary duties consisted of non-managerial tasks of manual labor and customer service.

114.   Plaintiff Craig S. Williams is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.   As an MASM, Plaintiff Williams' primary duties consisted of non-managerial tasks of manual labor and customer service.

115.   Plaintiff Tyrsta Wilson is a former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home Depot.   As an MASM, Plaintiff Wilson's primary duties consisted of non-managerial tasks of manual labor and customer service.

**New Mexico-Employed Plaintiffs**

116.   Plaintiff Erny Melia is a current or former employee of Home Depot who routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager ("MASM") within the applicable time period, and was unlawfully deprived of overtime compensation by Home

-23-

1    Depot. As an MASM, Plaintiff Melia's primary duties consisted of non-managerial tasks of

2    manual labor and customer service.

3         117.    Plaintiff Jean Williams is a current or former employee of Home Depot who

4    routinely worked over 40 hours per week as a Merchandizing Assistant Store Manager

5    ("MASM") within the applicable time period, and was unlawfully deprived of overtime

6    compensation by Home Depot. As an MASM, Plaintiff Williams' primary duties consisted of

7    non-managerial tasks of manual labor and customer service.

8    **Defendant Home Depot**

9         118.    Defendant Home Depot is a Delaware corporation with principal executive offices

10   located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia. Home Depot is the world's largest

11   home improvement retailer and second largest retailer in the United States. It owns and operates

12   nearly 1,800 retail stores throughout the United States, including Arizona, California and New

13   Mexico.

14              **SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF**

15        119.    Defendant Home Depot owns and operates approximately1,800 home

16   improvement retail stores located throughout the United States, including Arizona, California,

17   and New Mexico, and employs tens of thousands of workers in these stores, including

18   Merchandizing Assistant Store Managers ("MASMs").

19   **A.    Plaintiffs' Primary Duties Were/Are Non-Managerial**

20        120.    Home Depot stores generally have the following employees working in each store:

21   Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors,

22   and Sales Associates. Some Home Depot stores also have Human Resource Managers who are

23   responsible for the stores' hiring, firing and employee scheduling.

24        121.    Department Heads/Supervisors are hourly associates who are paid at an hourly rate

25   and are entitled to overtime pay if they work over 40 hours per week.

26        122.    Department Heads/Supervisors can and do perform and are expected to perform

27   many of the "managerial"-type tasks that MASMs are expected to perform.

28        123.    As MASMs, Plaintiffs were required to perform both managerial and non-

-24-

managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties.
Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their
managerial duties.

124.    Plaintiffs' primary duties as MASMs were non-managerial tasks that included
packing and unpacking freight; setting product; cleaning the bathrooms and the store; picking up
and taking out the garbage; returning shopping carts from the parking lot to inside the store;
running registers; receiving trucks; building displays; cutting wood; painting displays; fixing
tools; labeling product in overhead; and loading customers' cars ("tasking"). When Plaintiffs
were not tasking and were on the floor, Plaintiffs spent the majority of their time providing
customer service.

125.    As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per
week.

126.    One of the requirements of the MASM position was to work a minimum 55 hours
per week, which generally broke down into 5-day, 11-hour work weeks.  Plaintiffs frequently and
regularly worked beyond the minimum 55 hours per week.

127.    By the conduct described in this Complaint, Home Depot has violated the Fair
Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper
overtime wages as required by law.

128.    Under both federal and state wage laws, Plaintiffs are each entitled to be paid for
all hours worked over 40 hours per week.  While Plaintiffs were employed by Home Depot as
MASMs, Home Depot required that they work in excess of 40 hours per week without paying
them 1.5 times their regular rate of pay.

129.    Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as
"exempt" employees for the purposes of federal and state overtime law in order to save money in
employee compensation.

**B.    Home Depot's Unlawful Conduct Was And Is Willful**

130.    Throughout the relevant time period, Home Depot's policy was to deprive its
MASMs of earned overtime compensation.  In order to avoid paying MASMs overtime

-25-

1   compensation for all hours that they worked in excess of 40 in a workweek, Home Depot

2   uniformly misclassified them as "executives," exempt from federal and state overtime

3   protections.

4       131.   As part of its regular business practice Defendant has intentionally, willfully and

5   repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and

6   hours laws.  This policy and pattern or practice includes but is not limited to:

7           a.   Willfully failing to keep records of all the time that MASMs have worked

8   for Defendant's Benefit;

9           b.   Willfully failing to keep accurate payroll records as required by the FLSA

10  and state wage and hour laws;

11          c.   Willfully misclassifying Plaintiffs as MASMs as exempt from the

12  requirements of the FLSA; and

13          d.   Willfully failing to pay Plaintiffs, as MASMs, overtime wages for all hours

14  that they worked in excess of 40 hours per week.

15      132.   Upon information and belief, Home Depot's unlawful conduct described herein is

16  pursuant to a corporate policy or practice of minimizing labor costs by violating FLSA and state

17  wage and hour laws.

18      133.   Upon information and belief, Home Depot was or should have been aware that

19  state and federal laws require it to pay overtime compensation for hours worked in excess of 40

20  per week to MASMs such as Plaintiffs, who primarily perform non-exempt duties.

21      134.   Upon information and belief, Home Depot was aware or should have been aware,

22  that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor

23  ("tasking") and customer service; (b) wielded little or no discretion in the performance of their

24  duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial

25  tasks Plaintiffs did have could be and were done by hourly associates.

26      135.   Upon information and belief, despite Plaintiffs' actual and expected job duties,

27  Home Depot uniformly designated and classified the MASM position – and therefore Plaintiffs –

28  as "managerial" employees in order to attempt to justify classifying them as exempt from

-26-

1     overtime protections and to avoid liability for overtime payments properly due to Plaintiffs.

2          136.     Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of

3     40 hours per week was willful.

4

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 _et seq._**
**By Each Plaintiff**

5

6          137.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

7     paragraphs.

8          138.     At all times relevant, Plaintiffs were engaged in commerce and/or the production

9     of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

10          139.     Home Depot was an employer engaged in commerce and/or the production of

11     goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

12     At all times relevant, Plaintiffs were or have been employees of Home Depot within the meaning

13     of 29 U.S.C. §§203(e) and 207(a).

14          140.     Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled

15     to under the FLSA.

16          141.     Home Depot failed to keep accurate records of the time worked by each Plaintiff.

17          142.     Home Depot's violations of the FLSA, as described in this Complaint, have been

18     willful and intentional.

19          143.     Home Depot failed to make a good faith effort to comply with the FLSA with

20     respect to Plaintiffs' compensation.

21          144.     Because Home Depot's violations of the FLSA were willful, a three-year statute of

22     limitations applies pursuant to 29 U.S.C. § 255.

23          145.     As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered

24     damages by being denied overtime wages in accordance with the FLSA in amounts to be

25     determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages,

26     pre-judgment interest, post-judgment interest, attorneys' fees, costs and other compensation

27     pursuant to 29 U.S.C. §§ 201 et seq.

28     ///

-27-

## SECOND CAUSE OF ACTION
**California Industrial Welfare Commission, Wage Order No. 4, Cal. Lab. Code. §§ 510, 1194 ("California Overtime Laws") on Behalf of the California Plaintiffs**

146.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

147.    Home Depot engaged in a widespread pattern, policy, and practice of violating California's overtime laws.

148.    At all times relevant the California Plaintiffs were or are employees, and Home Depot has been an employer within the meaning of California's overtime laws. The California Plaintiffs are covered by California's overtime laws.

149.    Home Depot failed to pay the California Plaintiffs overtime wages to which they were entitled under Wage Order No. 4 and Cal. Lab. Code §§ 510, 1194. Home Depot failed to pay the California Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

150.    Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the California Plaintiffs.

151.    Home Depot's violations of California's overtime laws as described in this Complaint have been willful and intentional.

152.    Due to Home Depot's violations of California's overtime laws, the California Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, as well as interest, costs of the litigation and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
**New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-22(D) On behalf of the New Mexico Plaintiffs**

153.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

154.    Home Depot engaged in a widespread pattern, policy, and practice of violating New Mexico's overtime laws.

155.    At all times relevant the New Mexico Plaintiffs were or are employees, and Home Depot has been an employer within the meaning of New Mexico's overtime laws. The New

-28-

1    Mexico Plaintiffs are covered by New Mexico's overtime laws.

2          156.   Home Depot failed to pay the New Mexico Plaintiffs overtime wages to which

3    they were entitled under New Mexico's Minimum Wage Act, N.M. Stat. Ann. §5-4-22(D). Home

4    Depot failed to pay the New Mexico Plaintiffs for overtime at a wage rate of one and one-half

5    times their regular rate of pay.

6          157.   Home Depot failed to keep, make, preserve, maintain, and furnish accurate records

7    of time worked by the New Mexico Plaintiffs.

8          158.   Home Depot's violations of New Mexico's overtime laws as described in this

9    Complaint have been willful and intentional.

10         159.   Due to Home Depot's violations of New Mexico's overtime laws, the New Mexico

11   Plaintiffs are entitled to recover from Defendant their unpaid overtime wages as well as an equal

12   amount in liquidated damages, costs of the litigation and reasonable attorney's fees.

13   **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

15        A.   Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-

16   and-one half times his or her regular rate of pay;

17        B.   An additional amount and equal award to each Plaintiff as liquidated damages

18   under the FLSA;

19        C.   Award each Plaintiff punitive damages, liquidated damages and/or other statutory

20   penalties where available under state law;

21        D.   Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

22   and

23        E.   Award each Plaintiff the costs of this suit together with reasonable attorneys' fees,

24   and such other and further relief as this Court deems necessary and proper.

25   **DEMAND FOR TRIAL BY JURY**

26        PLEASE TAKE NOTICE that Plaintiffs demand trial by jury as to all issues in the above

27   matter.

28   ///

1   Dated:  June 15, 2011       **WEXLER WALLACE LLP**

2

3                    By _____

4                        MARK J. TAMBLYN

5                  455 Capitol Mall, Suite 231
                        Sacramento, California  95814
6                  Telephone: (916) 492-1100
                        Facsimile:  (916) 492-1124

7                  **SQUITIERI & FEARON, LLP**
                        Lee Squitieri
8                  Caitlin Duffy
                        32 E. 57th St., 12th Floor
9                  New York, NY  10022
                        Telephone: (212) 421-6492
10                Facsimile:  (212) 421-6553

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

℁JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JOHN AMBROSINO, et al.

**DEFENDANTS**

HOME DEPOT U.S.A., INC.

**(b)** County of Residence of First Listed Plaintiff   Maricopa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Fulton
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Wexler Wallace LLP    (916) 492-1100
455 Capitol Mall, Ste. 231
Sacramento, CA  95814

Attorneys (If Known)

'11CV1319 L    MDD

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Pursuant to FLSA; 29 U.S.C. Section 216(b) and 28 U.S.C. Section 1367(a)    15:2(a)    es
Brief description of cause:
Recovery of unpaid overtime compensation owed to Plaintiffs

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE   Hon. Peter G. Sheridan   DOCKET NUMBER   04-CV-4100 (D.N.J)

DATE
06/15/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE