Blake M. Harper
Hulett Harper Stewart LLP
525 B Street
Suite 760
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139
anita@hulettharper.com

Olimpio Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street
12th Floor
New York, New York 10022
Tel:  212-421-6492
Fax:   212-421-6553
Emai: lee@sfclasslaw.com
Email: Caitlin@sfclasslaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AMBROSINO, ANGELA ASHWORTH, MICHAEL SCOTT BROWN, SUSAN CLARKE, MERAT FAROKHNIA, STEPHANIE GEE, SUSAN GIEBELHAUS, DAVID INGLE, PEGGY JENSEN, JOSEPH LEON, JOSEPH LORENZ, JENNIFER MACHAMER, LYNETTE MASMEYER, JOHN C. MAURICIO, JOSE MENDOZA, CHRISTOPHER MILLS, KEVIN MUSSRO, ROBERT E. PHILLIPS, LUIS RUBIN, MICHAEL SANCHEZ, DENNIS SILVA, TRYSTA WILSON,<br>PLAINTIFFS,<br>v.<br><br>HOME DEPOT, U.S.A., INC.,<br><br>DEFENDANT. | Case No. 11-cv-01319-L-MDD<br><br>Jury Trial Demanded |

John Ambrosino, Angela Ashworth, Michael Scott Brown, Susan Clarke, Merat Farokhnia, Stephanie Gee, Susan Giebelhaus, David Ingle, Peggy Jensen, Joseph Leon, Joseph Lorenz, Jennifer Machamer, Lynette Masmeyer, John C. Mauricio, Jose Mendoza, Christopher Mills, Kevin Mussro, Robert E. Phillips, Luis Rubin, Michael Sanchez, Dennis Silva, Trysta Wilson (collectively the "Plaintiffs"), each bring a complaint against Home Depot, U.S.A., Inc. ("Home Depot" or "Defendant"), and allege as follows:

## PRIOR LITIGATION

1. Each Plaintiff originally opted into the case stylized *Aquilino et al. v. The Home Depot, Inc.*, 04-cv-4100, which is currently pending in the District Court of New Jersey before Judge Sheridan. *Aquilino* asserts claims under the FLSA, 29 U.S.C. §201 *et seq.* By filing consents to join the statute of limitations were tolled on Plaintiffs' claims and have remained tolled by order of the District Court of New Jersey until June 15, 2011.

2. On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice the opt in plaintiffs in *Aquilino* further holding that the tolling of the statute of limitations of the opt-in plaintiffs' claims conclude and such statute continue to run for each plaintiff for its unexpired portion on June 15, 2011.

3. Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.* and to remedy Home Depot's violations of the wage and hour provisions of the FLSA which as deprived Plaintiffs of lawful wages.

4. Certain Plaintiffs also brings claims under applicable state wage and hour laws.

5. Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to FLSA and state laws for all hours worked over 40 hours. Each Plaintiff is entitled to

such overtime compensation for all hours worked over 40 hours per week for the time period of at least three years prior to the time the Plaintiff consented to Join *Aquilino*.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.

8. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff John Ambrosino is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Ambrosino's, primary duties consisted of non-managerial tasks of manual labor and customer service.

10. Plaintiff Angela Ashworth is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Ashworth's, primary duties consisted of non-managerial tasks of manual labor and customer service.

11. Plaintiff Michael Scott Brown is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Brown's primary duties consisted of non-managerial tasks of manual labor and customer service.

12. Plaintiff Susan Clarke is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Clarke's, primary duties consisted of non-managerial tasks of manual labor and customer service.

13. Plaintiff Merat Farokhnia is a MASM employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Farokhnia's primary duties consisted of non-managerial tasks of manual labor and customer service.

14. Plaintiff Stephanie Gee is a MASM employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Gee's primary duties consisted of non-managerial tasks of manual labor and customer service.

15. Plaintiff Susan Giebelhaus is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Giebelhaus' primary duties consisted of non-managerial tasks of manual labor and customer service.

16. Plaintiff David Ingle is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Ingle's primary duties consisted of non-managerial tasks of manual labor and customer service.

17. Plaintiff Peggy Jensen is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully

deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Jensen's primary duties consisted of non-managerial tasks of manual labor and customer service.

18. Plaintiff Joseph Leon is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Leon's primary duties consisted of non-managerial tasks of manual labor and customer service.

19. Plaintiff Joseph Lorenz is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Lorenz's primary duties consisted of non-managerial tasks of manual labor and customer service.

20. Plaintiff Jennifer Machamer is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Machamer's primary duties consisted of non-managerial tasks of manual labor and customer service.

21. Plaintiff Lynette Masmeyer is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Lynette Masmeyer's primary duties consisted of non-managerial tasks of manual labor and customer service.

22. Plaintiff John C. Mauricio is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Mauricio's primary duties consisted of non-managerial tasks of manual labor and customer service.

23. Plaintiff Jose Mendoza is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Mendoza's primary duties consisted of non-managerial tasks of manual labor and customer service.

24. Plaintiff Christopher Mills is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Mills' primary duties consisted of non-managerial tasks of manual labor and customer service.

25. Plaintiff Kevin Mussro is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Mussro's primary duties consisted of non-managerial tasks of manual labor and customer service.

26. Plaintiff Robert E. Phillips is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Phillips' primary duties consisted of non-managerial tasks of manual labor and customer service.

27. Plaintiff Luis Rubin is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Rubin's primary duties consisted of non-managerial tasks of manual labor and customer service.

28. Plaintiff Michael Sanchez is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully

deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Sanchez's primary duties consisted of non-managerial tasks of manual labor and customer service.

29. Plaintiff Dennis Silva is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Silva's primary duties consisted of non-managerial tasks of manual labor and customer service.

30. Plaintiff Tyrsta Wilson is a former MASM of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Wilson's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Defendant Home Depot**

31. Defendant Home Depot is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia. Home Depot is the world's largest home improvement retailer and second largest retailer in the United States. It owns and operates nearly 1,800 retail stores throughout the United States including Arizona, California and New Mexico.

**SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF**

32. Defendant Home Depot, owns and operates approximately 1,800 home improvement retail stores located throughout the United States, including Arizona, California, and New Mexico and employs tens of thousands of workers in these stores, including Merchandising and/or Specialty Assistant Store Managers ("MASMs").

**A. Plaintiffs' Primary Duties were/are Non-Managerial**

33. Home Depot stores generally have the following employees working in each store: Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors, and Sales Associates. Some Home Depot stores also have Human Resource Managers that are responsible for the stores hiring, firing and employee scheduling.

34. Department Heads/Supervisors are hourly associates who are paid at an hourly rate and are entitled to overtime pay if they work over 40 hours per week.

35. Department Heads/Supervisors can and do perform and are expected to perform many of the "managerial" type tasks that MASMs are expected to perform.

36. As MASMs, Plaintiffs were required to perform both managerial and non-managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties. Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their managerial duties.

37. Plaintiffs' primary duties as MASMs were non-managerial tasks including such tasks as packing and unpacking freight; setting product; cleaning bathrooms and the store; picking up garbage and taking the garage out; pushing shopping carts and returning shopping carts from the parking lot to inside the store; running registers; receiving trucks; building displays; cutting wood; painting displays; fixing tools; labeling product in overhead; and loading customers' cars ("tasking"). When Plaintiffs were not tasking and were on the floor, Plaintiffs spent the majority of their time providing customer service.

38. As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per week.

39. One of the requirements of the MASM position was to work a minimum 55 hours per week, which generally broke down into 5 day 11 hour work weeks. Plaintiffs frequently and regularly worked beyond the minimum 55 hours per week.

40. By the conduct described in this Complaint, Home Depot has violated the Fair Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper overtime wages as required by law.

41. Under both federal and state wage laws they are each entitled to be paid for all hours worked over 40 hours per week. While Plaintiffs were employed by Home Depot as MASMs, Home Depot required that they work in excess of 40 hours per week without paying them 1.5 times their regular rate of pay.

42. Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as "exempt" employees for the purpose of federal and state overtime law in order to save money in employee compensation.

**B. Home Depot's Unlawful Conduct Was and Is Willful**

43. Throughout the relevant time period, Home Depot's policy was to deprive its MASMs of earned overtime compensation. In order to avoid paying MASMs overtime compensation for all hours that they worked in excess of 40 in a workweek, Home Depot uniformly misclassified them as "executives," exempt from federal and state overtime protections.

44. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and hours laws. This policy and pattern or practice includes but is not limited to:

    a. Willfully failing to keep records of all the time that MASMs have worked for Defendant's Benefit;

    b.   Willfully failing to keep accurate payroll records as required by the FLSA and state wage and hour laws;

    c.   Willfully misclassifying Plaintiffs as MASMs as exempt from the requirements of the FLSA; and

    d.   Willfully failing to pay Plaintiffs as MASMs, overtime wages for all hours that they worked in excess of 40 hours per week.

45. Upon information and belief, Home Depot's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating FLSA and state wage and hour laws.

46. Upon information and belief, Home Depot was or should have been aware that state and federal laws required it to pay overtime compensation for hours worked in excess of 40 per week to MASMs such as Plaintiffs who primarily perform non-exempt duties.

47. Upon information and belief, Home Depot was aware or should have been aware, that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor ("tasking") and customer service; (b) wielded little or no discretion in the performance of their duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial tasks they did have, could and were done by hourly associates.

48. Upon information and belief, despite Plaintiffs' actual and expected job duties, Home Depot uniformly designated and classified the MASM position, and therefore Plaintiffs as "managerial" employees in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due to Plaintiffs.

49. Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of 40 hours per week was willful.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201** *et seq.*
**By Each Plaintiff**

50.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

51.     At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52.     Home Depot was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.     At all times relevant, Plaintiffs were or have been employees of Home Depot within the meaning of 29 U.S.C. §§203(e) and 207(a).

54.     Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled to under the FLSA.

55.     Home Depot failed to keep accurate records of the time worked by each Plaintiff.

56.     Home Depot's violations of the FLSA, as described in this Complaint, have been willful and intentional.

57.     Home Depot failed to make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

58.     Because Home Depot's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

59.     As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages,

pre-judgment interest, post-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
**California Industrial Welfare Commission, Wage Order No. 4, Cal. Lab. Code. §§ 510, 1194 ("California Overtime Laws") On Behalf of Joseph Lorenz and John C. Mauricio ("the California Plaintiffs")**

60. Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 19, 22, 32-49.

61. Home Depot engaged in a widespread pattern, policy, and practice of violating California's overtime laws.

62. At all times relevant the California Plaintiffs were or are employees and Home Depot has been an employer within the meaning of California's overtime laws. The California Plaintiffs are covered by California's overtime laws.

63. Home Depot failed to pay the California Plaintiffs overtime wages to which they were entitled under Wage Order No. 4 and Cal. Lab. Code §§ 510, 1194. Home Depot failed to pay the California Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

64. Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the California Plaintiffs.

65. Home Depot's violations of California's overtime laws, as described in this Complaint have been willful and intentional.

66. Due to Home Depot's violations of California's overtime laws, the California Plaintiffs are entitled to recover from Defendant their unpaid overtime wages as well as interest, costs of the litigation and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

    A.    Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-and-one half times his or her regular rate of pay;

    B.    An additional amount and equal award to each Plaintiff as liquidated damages under FLSA;

    C.    Award each Plaintiff punitive damages, liquidated damages and/or other statutory penalties where available under state law;

    D.    Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

    E.    Award each Plaintiff the costs of this suit together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

**PLEASE TAKE NOTICE** that Plaintiffs demand trial by jury as to all issues in the above matter.

Dated: October 22, 2012

By: *Olimpio Lee Squitieri*
Olimpio Lee Squitieri (pro hac vice)
Caitlin Duffy (pro hac vice)
SQUITIERI & FEARON, LLP
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492
Fax:   212-421-6553
Emai: lee@sfclasslaw.com
Email: Caitlin@sfclasslaw.com

Blake M. Harper
Hulett Harper Stewart LLP
525 B Street
Suite 760
San Diego, CA 92101
Tel: (619) 338-1133
Fax: (619) 338-1139
anita@hulettharper.com

*Attorneys for Plaintiffs*

## PROOF OF SERVICE

I, Caitlin Duffy, am employed in the County of New York, State of New York. I am over the age of 18 and not a party to the within action; my business address is: 32 East 57th Street, 12th Floor, New York, New York 10022. On October 22, 2012, I caused service of the foregoing document(s) described as:

## AMENDED COMPLAINT

on the interested party(ies) below, using the following means:

SEE ATTACHED SERVICE LIST

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Sacramento, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

☐ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 22, 2012 at New York, New York.

/s/ Caitlin Duffy

AMENDED COMPLAINT

11-cv-01319-L-MDD

Caitlin Duffy

## SERVICE LIST

Donna M. Mezias, Esq.
AKIN GUMP STRAUSS
HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone: (415) 765-9500
Facsimile: (415) 765-9501
Email: dmezias@akingump.com


Joel M. Cohn, Esq.
Juliet Gray, Esq.
AKIN GUMP STRAUSS
HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: jcohn@akingump.com
Email:  jegray@akingump.com