UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AMBROSINO, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A, INC.,<br><br>            Defendant. | Civil No. 11cv1319 L (MDD)<br><br>**ORDER DENYING JOINT MOTIONS TO FILE DOCUMENTS UNDER SEAL [DOC. 64] AND FOR APPROVAL OF THE SETTLEMENT AGREEMENT [DOC. 63] WITHOUT PREJUDICE** |

Pending before the Court are the parties' joint motions to file their proposed settlement agreement under seal and for approval of the settlement agreement. For the following reasons, the Court **DENIES** both motions **WITHOUT PREJUDICE**.

I.      **BACKGROUND**

On October 22, 2012, Plaintiffs filed their Amended Complaint alleging, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (*Amended Complaint* [Doc. 21] ¶¶ 50-59.) On March 7, 2014, the parties filed a joint motion for approval of the settlement and dismissal of the action. (*Mot. Approval* [Doc. 63].) On the same day, the parties filed a joint motion to file the settlement agreement under seal. (*Mot. Seal* [Doc. 64].) The parties agree that the settlement agreement should remain confidential. (*Id.* ¶¶ 3-4.)

## II. **LEGAL STANDARD**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006). A party seeking to file a motion to seal in connection with a non-dispositive motion, however, must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir.2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002), and must make a "particularized showing ... with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir.1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992).

## III. **DISCUSSION**

When presented with a proposed settlement of FLSA claims, the Court "must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982); *Yue Zhou v. Wang's Restaurant*, No. 05–cv–0279 PVT, 2007 WL 2298046, at *1 (N.D.Cal. Aug. 8, 2007). However, in this case, a threshold issue related to the parties' motion to approve the settlement is whether the settlement agreement itself should be filed under seal.

In order to determine whether the settlement agreement should be filed under seal, the Court must first determine whether the parties must meet the *Kamakana* "compelling reasons" standard or the lesser *In re Midland* "good cause" standard. While there is no specific Ninth Circuit guidance, most district courts considering a motion to seal in connection with a motion to

approve settlement of FLSA claims have applied a presumption of public access. *See Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 646–48 (S.D.N.Y.2011) (joining "the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); *Kianpour v. Rest. Zone, Inc.*, No. 11–cv–0802, 2011 WL 3880463, at *2 (D.Md. Aug. 30, 2011) (vast majority of recent cases addressing this issue apply the presumption of public access to FLSA settlements); *Taylor v. AFS Technologies, Inc.*, No. 09–cv–2567, 2010 WL 2079750, at *2–3 (D.Ariz. May 24, 2010) (applying compelling reasons standard to a motion to approve FLSA settlement and permitting the parties to elect between withdrawing FLSA settlement or making settlement agreement part of public record); *see also M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 11–cv–01985, 2012 WL 1574801, at *1 (E.D.Cal. May 3, 2012) (holding that, because approval of minor's settlement is dispositive, the compelling reasons standard applies to motion to seal, citing *Taylor*, 2010 WL 2079750, at *2); *Select Portfolio Servicing v. Valentino*, No. 12–cv–0334 SI, 2013 WL 1800039, at *2–3 (N.D.Cal. Apr. 29, 2013) (observing that district courts in this circuit differ on whether a motion to approve a settlement agreement that releases parties from a case is dispositive or non-dispositive for sealing purposes, but holding that the parties' agreement among themselves to keep the settlement agreement confidential failed under either the compelling reasons or the lower good cause standard).[1] Therefore, the Court finds that the parties must present "compelling reasons" why the settlement agreement should be sealed.

In their joint motion, the parties present only one line of argument as to why their settlement agreement should remain under seal: "[a]s a material term, the Settlement Agreement provides that the parties will maintain the confidentiality of the terms of the Agreement." (*Mot. Seal*. ¶ 3.) In other words, the parties contend that the agreement should be filed under seal because they agree that it should be. This is woefully insufficient to meet the parties' burden.

---

[1] The case cited in *Valentino* as having found that a motion to approve a settlement agreement is non-dispositive, *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10–cv–02600 LHK, 2011 WL 704456, at *1 (N.D.Cal. Feb. 18, 2011), does not involve the release of FLSA claims.

1  Confidential settlement agreements are the type of discovery contemplated by Federal
2  Rule of Civil Procedure 26(c), which courts have discretion to protect. *Phillips*, 307 F.3d at
3  1212. But a party seeking to seal a confidentiality agreement must still meet its burden. *Id.*
4  (holding that "lower courts have the authority to grant protective orders for confidential
5  settlement agreements" but remanding to the district court to apply the proper standard to a
6  motion to seal). The existence of a confidentiality provision, without more, does not constitute
7  good cause, let alone a compelling reason, to seal. *See e.g., Foltz v. State Farm Mut. Auto. Ins.*
8  *Co.*, 331 F.3d 1122, 1136–38 (9th Cir.2003); *Valentino*, 2013 WL 1800039, at *3 (that the
9  parties agreed among themselves to make the settlement agreement confidential was insufficient
10 to shield the information from public access); *see also Files v. Federated Payment Sys. USA,*
11 *Inc.*, No. 11–cv–3437, 2013 WL 1874602, at *3 (E.D.N.Y. Apr. 2, 2013) (recognizing that the
12 public has a substantial interest in the amount of FLSA settlements, and that the presumption
13 against disclosure of such information is not easily overcome).
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## IV. CONCLUSION AND ORDER

In light of the foregoing, the parties have failed to articulate any facts that justify the sealing of their settlement agreement. Accordingly, the Court **DENIES** the parties' joint motion for leave to file the settlement agreement under seal **WITHOUT PREJUDICE**. [Doc. 64]. Because the parties' joint motion for approval of the settlement agreement depends on their motion to seal being granted, the joint request to approve the settlement is also **DENIED WITHOUT PREJUDICE**. [Doc. 63]. These denials are without prejudice in case the parties are able to negotiate a settlement agreement that does not require sealing of the settlement agreement or intend to attempt to justify the sealing of their proposed settlement agreement. The parties must file a renewed motion for approval of their settlement agreement or a stipulated request for additional time if necessary to negotiate a new settlement by **March 24, 2014**.

**IT IS SO ORDERED.**

DATED: March 10, 2014

_____
M. James Lorenz
United States District Court Judge