UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AMBROSINO, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOME DEPOT U.S.A, INC., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil No. 11cv1319 L (MDD) <br><br> **ORDER DENYING JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT [DOC. 72] WITHOUT PREJUDICE** |

Pending before the Court is the parties' renewed joint motion for approval of the settlement agreement. [Doc. 72.]  For the following reasons, the Court **DENIES** the motion **WITHOUT PREJUDICE**.  In addition, because the parties filed a notice of settlement [Doc. 54], this Court **DENIES WITHOUT PREJUDICE** Plaintiffs' pending motion for summary judgment as **MOOT**. [Doc. 52].

**I.     BACKGROUND**

On October 22, 2012, Plaintiffs filed their Amended Complaint alleging, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.  (*Amended Complaint* [Doc. 21] ¶¶ 50-59.)  On March 7, 2014, the parties filed a joint motion for approval of the settlement and dismissal of the action.  (*Mot. Approval* [Doc. 63].)  On the same day, the parties filed a joint motion to file the settlement agreement under seal.  (*Mot. Seal* [Doc. 64].)  The parties

agreed that the settlement agreement should remain confidential. (*Id.* ¶¶ 3-4.)

On March 10, 2014, this Court denied the parties joint motions because they failed to meet the Ninth Circuit's "compelling reasons" standard for sealing the proposed settlement agreement. (*Order Denying Motion for Settlement and Motion to File Documents Under Seal* [Doc. 69].) On March 24, 2014, the parties filed a renewed joint motion to approve their settlement agreement. (*Renewed Mot. Approval* [Doc. 72].)

## II.  LEGAL STANDARD

The Eleventh Circuit has explained that an FLSA claim can be settled in two ways. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982).[1]  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *Id.*  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  *Id.* Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–1355.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## III.  DISCUSSION

### A.  The Parties Have Established a Bona Fide Dispute

As illustrated by the parties representations in the instant motion, this collective action under the FLSA presents a bona fide dispute between Plaintiffs and Defendant regarding Plaintiffs' allegedly improper classification as exempt from overtime requirements. (*Renewed*

---

[1] While the Ninth Circuit has not specifically addressed the question of whether FLSA claims may only be settled and resolved in two ways, district courts in the Ninth Circuit have followed *Lynn's Food Stores*. *See, e.g., Khanna v. Inter–Con Sec. Systems, Inc.*, 2012 WL 4465558, at *10–11(E.D.Cal.2012); *Campanelli v. Hershey Co.*, 2011 WL 3583597, at *1 (N.D.Cal.2011); *Lee v. The Timberland Co.*, 2008 WL 2492295, at *2 (N.D.Cal.2008); *Yue Zhou v. Wang's Restaurant*, 2007 WL 17230, at *1–3 (N.D.Cal.2007).

*Mot. Approval* 2.)  There also appears to be a dispute as to how damages would be calculated in this case, if Defendant were to be found liable.  (*Id.* 3; *Pls.' Mot. Summ. J.* [Doc. 52].)  Further, the parties claim that over the course of several months, they reached a settlement in this matter with the help of an experienced mediator.  (*Renewed Mot. Approval* 2.)  In light of the foregoing, the Court is convinced that this case involves a bona fide dispute over the existence and extent of Defendant's FLSA liability.

### B.  The Parties Fail to Establish that the Settlement Agreement is Fair and Reasonable

A district court may approve an FLSA settlement if the proposed settlement reflects "a reasonable compromise over [disputed] issues ." *Lynn's Food Stores*, 679 F.2d at 1354.  The parties argument that the proposed settlement agreement is "fair and reasonable," in its entirety, is the following:

> The settlement here is the fair and reasonable result of a bona fide dispute.  The settlement follows contested litigation conducted by experienced counsel.  The parties engaged in significant discovery as well as settlement negotiations conducted at arm's length and facilitated by an experienced mediator.  In reaching agreement, the parties have taken into account the uncertainty and risks in litigation and the cost that each party will incur if litigation continues, including multiple jury trials.  The parties have concluded that it is in their mutual interest to resolve the litigation in the manner set forth in the agreement.  In this regard, the parties have fully evaluated the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating unpaid overtime in the event that one or more of the plaintiffs prevails on their misclassification claims.
>
> Plaintiffs have considered the potential value of their claims and concluded that the proposed settlement provides a fair and reasonable resolution of their claims.  Home Depot supports this result since it eliminates the uncertainties, risks, and cost of further litigation, including multiple jury trials and possible appeals.

(*Renewed Mot. Approval* 2, 3.)  This is insufficient.

The parties claims are conclusory, and not supported by any evidence or analysis.  Specifically, the Court has no information to enable it do evaluate whether the $376,

941.72 that Home Depot has agreed to pay to settle this case is reasonable in light of the maximum recovery Plaintiffs could have obtained with a favorable judgment on the merits.  (*Proposed Settlement Agreement* [Doc. 72-1] ¶ 7.)  In addition, the instant motion does not provide estimates regarding the number of overtime hours worked by each Plaintiff and information regarding the potential range of recovery for each Plaintiff, rendering it impossible for the Court to determine whether the amounts to be paid to each Plaintiff, listed in Exhibit A to the settlement agreement, are fair and reasonable.  *See Khanna,* 2012 WL 4465558, at *11 (rejecting FLSA settlement in part because counsel provided no information about the potential range of recovery).  Moreover, the parties have failed to provide the Court with any specific information or analysis as to how and why they arrived at the settlement amount above, or how they arrived at the specific amounts allocated to each Plaintiff.

      The Court also has concerns with the scope of the waiver and release provision in the proposed settlement agreement, which provides that each Plaintiff "fully and finally release and discharge Home Depot from any and all claims and rights of any kind that the plaintiffs may have." (*Proposed Settlement Agreement* ¶ 9.)  Courts have found that overly broad release provisions, which release a Defendant from all claims to settle their wage claims, including claims that are unrelated to the claims asserted in the complaint, are improper in FLSA and class action settlements. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1347, 1350–1352 (M.D. Fla. 2010) (FLSA settlement); *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011) (same); *Gambrell v. Weber Carpet, Inc.*, 2012 WL 5306273, at *2, 5 (D. Kan. 2012) (same); *see also Bond. v. Ferguson Enterprises, Inc.*, 2011 WL 284962, at *7 (E.D. Cal. 2011) (finding release overbroad in class action where release did not track the extent and breadth of Plaintiffs' allegations and released unrelated claims of any kind or nature up to the date of the agreement); *Kakani v. Oracle Corp.*, 2007 WL 1793774, at *2–3 (N.D. Cal.2007) (rejecting a settlement in part because of the "draconian scope" of the proposed release, which, among other things, released and forever discharged the defendant from any and all claims that were asserted or could have been asserted in the complaint whether known or unknown).

The Court finds that the parties have failed to demonstrate that such a broad general release is fair and reasonable, as it does not track the breadth of the allegations in this action and releases unrelated claims, whether known or unknown, that the Plaintiffs may have against Defendant.  *See Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011) (finding release proper and not overly broad because the "released claims appropriately track the breadth of Plaintiffs' allegations in the action and the settlement does not release unrelated claims that class members may have against defendants"); *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp.2d 1114, 1126 (E.D. Cal. 2009) (finding release proper because the "released claims appropriately track the breadth of Plaintiffs' allegations in the action and the settlement does not release unrelated claims that class members may have against defendants.").  The parties have not explained why the release of "any and all claims and rights of any kind that the plaintiffs may have, whether known or unknown,  arising out of or in any way connected with plaintiffs' employment and separation from Home Depot" is fair and reasonable.  (*Proposed Settlement Agreement* ¶ 9.)  There has been no showing that Plaintiffs have been independently compensated for the broad release of claims unrelated to any dispute regarding FLSA coverage or wages due, including, among others, claims for discrimination under Title VII.  (*Id.*); *see Moreno*, 729 F.Supp.2d at 1351 ("[A]n employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.").  If Plaintiffs do indeed consent to such a broad release of claims, the parties must provide evidence that each Plaintiff has a full understanding of what they are releasing in exchange for a settlement payment.  The language in Paragraph 3 that "the parties desire to resolve this litigation *and all other claims or disputes fully and finally, whether known or unknown, that have been made or could have been made by or on behalf of plaitniffs against Home Depot relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed*" also appears overbroad under the same analysis above, and must be justified by the parties. (*Proposed Settlement Agreement* ¶ 3.)  The same is true for Paragraph 6.  (*Id.* ¶ 6.)

        The parties also agree that Home Depot will pay "$152,879.91 to Squitieri & Fearon,

LLP, as attorney's fees and expenses incurred in prosecuting this lawsuit on behalf of plaintiffs." (*Proposed Settlement Agreement* ¶ 8.)  However, the parties have again failed to produce any evidence or analysis as to how this amount, which is to be taken from the entire settlement amount noted above, is fair and reasonable.  In the event the parties filed a renewed motion to approve the settlement, the parties must support the attorneys' fees figure in their settlement agreement with time records setting forth time expended on this case, the hourly rates charged, and argument as to why these fees are fair and reasonable in the context of this settlement.  In addition, the parties are required to show their attorneys' fees are reasonable under 29 U.S.C. § 216(b).

### IV.     CONCLUSION AND ORDER

In light of the foregoing, the renewed joint request to approve the settlement is **DENIED WITHOUT PREJUDICE** so the parties may file a renewed motion for approval, and new proposed settlement agreement (if necessary), that corrects the deficiencies identified above [Doc. 72].  The parties must file a renewed motion for approval of their settlement agreement or a stipulated request for additional time if necessary to negotiate a new settlement by **May 5, 2014.**

In addition, because the parties filed a notice of settlement [Doc. 54], this Court **DENIES WITHOUT PREJUDICE** Plaintiffs' pending motion for summary judgment as **MOOT**. [Doc. 52].

**IT IS SO ORDERED.**

DATED: April 28, 2014

_____
M. James Lorenz
United States District Court Judge