# EXHIBIT 2

## REVISED SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.      This Settlement Agreement and General Release ("Agreement") is entered into by and between John Ambrosino, Angela Ashworth, Susan Clarke, Joseph Leon, Merat Farokhnia, Susan Giebelhus, David Ingle, Peggy Jensen, Jennifer Machamer, Joseph Lorenz, Jose Mendoza, Christopher Mills, Kevin Mussro, and Michael Sanchez ("plaintiffs") and Home Depot U.S.A., Inc.  When used in this Agreement, the term "Home Depot" includes Home Depot U.S.A., Inc., its past and present parents, subsidiaries, affiliates, and their past and present successors, predecessors, representatives, employees, officers, directors, and agents.

2.      Non-Admission.  This Agreement does not constitute an admission by Home Depot of any violation of any law, statute, or regulation, and the parties agree that neither this Agreement nor the furnishing of consideration will be deemed for any purpose as evidence of an admission of liability or wrongful conduct of any kind.

3.      The Litigation.  Plaintiffs filed consents to join in *Aquilino et al. v. Home Depot U.S.A., Inc.*, No. 04-cv-04100, a lawsuit filed in the United States District Court for the District of New Jersey that was decertified as a Fair Labor Standards Act collective action on February 15, 2011.  As an out-growth of the decertified *Aquilino* matter, on June 15, 2011, plaintiffs filed in the United States District Court for the Southern District of California a multi-plaintiff action entitled *John Ambrosino, et al. v. Home Depot U.S.A., Inc.*, No. 3:11-cv-01319-L-MDD.  The parties desire to resolve this litigation and all other claims related to their wages, hours, or compensation by Home Depot, whether known or unknown, involving conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

4.      Joint Motion for Judicial Approval.  After this Agreement is fully executed, the parties will file with the district court a joint motion seeking approval of this Agreement together with a proposed order dismissing this action with prejudice.  The parties and their counsel agree to cooperate in good faith and take any needed actions to obtain final approval of this Agreement and to implement the terms and conditions of this Agreement.

5.      Dismissal of Claims.  Plaintiffs agree to dismiss with prejudice all claims and actions that are covered by paragraph 3 above, after the settlement has been approved by the district court.

6.     Payment to Plaintiffs. In consideration for signing this Agreement and the fulfillment of the promises herein, Home Depot agrees to pay plaintiffs the total amount of $376, 941.72. This amount is inclusive of all claims for attorney's fees and expenses and is the maximum amount that Home Depot is obligated to pay under this Agreement. The settlement amounts allocated to each plaintiff, which are set forth in exhibit A attached hereto, will be divided equally between wages and non-wages and are subject to all withholdings and deductions required by law. The payments will be made within 15 business days after the district court enters an order approving the Agreement and after Home Depot receives executed W-9 forms from plaintiffs and their counsel, whichever is later. Notwithstanding this paragraph, Home Depot will pay the employer portion of any payroll taxes due as a result of the settlement payments to plaintiffs.

7.     Attorney's Fees. From the above settlement amount, Home Depot will pay $152,879.91 to Squitieri & Fearon, LLP, as attorney's fees and expenses incurred in prosecuting this lawsuit on behalf of the plaintiffs. This payment will be made within 15 business days after the district court has approved plaintiffs' application for fees or within 15 business days after the district court enters an order approving the Agreement, whichever is later. These are the only attorney's fees that plaintiffs are entitled to under the Agreement. The appropriate IRS forms will be issued with respect to the payments referenced in paragraphs 7 and 8.

8.     Waiver and Release of Claims. Plaintiffs, on their own behalf and on the behalf of their respective descendants, dependents, heirs, executors, administrators, and assigns, fully and finally release and discharge Home Depot from any and all claims and rights that the plaintiffs may have, whether now known or unknown, based on, or arising from, the allegations that they were improperly classified as exempt from federal and state overtime requirements during their employment by Home Depot. These released claims and rights include, but are not limited to, claims under the Fair Labor Standards Act; Employee Retirement Income Security Act; and state or local civil or statutory laws concerning wages and hours. Home Depot reserves all defenses, including, but not limited to, the statute of limitations, for any and all claims not waived or released herein. The parties acknowledge that any claim not waived by or released herein has not been stayed by either this or the *Aquilino* litigation.

9.     Non-Interference. Nothing in this Agreement will interfere with plaintiffs' right to file a charge, cooperate, or participate in an investigation or proceeding conducted by any federal or state regulatory or law enforcement agency. However, the consideration provided to plaintiffs in this Agreement is the sole relief they are entitled to for the claims that are released herein and plaintiffs will not be entitled

to recover, and agree to waive any recovery from Home Depot in connection with any such released claim without regard to who has brought such claim.

10.    Payment of Applicable Taxes. Plaintiffs will be solely responsible for all federal, state, and local taxes that may be owed by them due to the receipt of the monetary payments provided under this Agreement. Plaintiffs agree to indemnify and hold Home Depot harmless from all liability, including, without limitation, all penalties, interest, and other costs that might be imposed by the Internal Revenue Service or any other entity regarding any tax obligations arising from the monetary consideration paid to plaintiffs under this Agreement.

11.    Confidentiality and Non-Disclosure. Plaintiffs will not disclose the terms of this Agreement, the circumstances and facts giving rise to this Agreement, or the existence of any claim they each have, or may have, that is subject to the release of claims herein, to anyone other than their spouses, attorneys, and tax and financial advisors, or pursuant to court order, subpoena, or as required by law. Plaintiffs agree to immediately notify Home Depot's Legal Department on receipt of such court order or subpoena. If plaintiffs disclose information about the Agreement to their spouses, attorneys, and/or tax and financial advisors, they will advise such individuals that they must maintain the confidentiality of such information and cannot disclose it unless required by law. If asked about this litigation, plaintiffs will respond by saying only, "The case has been resolved."

Plaintiffs' counsel, Squitieri & Fearon, also agrees not to disclose the terms of this Agreement to anyone, except (i) as required by law; or (ii) if requested by a judge presiding over a wage and hour lawsuit relating to Home Depot in which Squitieri & Fearon is counsel of record, provided, however, that beyond advising the court that this action has been resolved, Squitieri & Fearon will inform the court of this confidentiality agreement and will also inform Home Depot of any request by the court for further disclosure, including disclosure of the terms of this Agreement, in order to permit Home Depot to object to such request. Other than responding to an inquiry from a court, if asked about this litigation, plaintiffs' counsel will respond by saying only, "The case has been resolved."

12.    Transfer of Claims. Plaintiffs represent that they have not transferred or assigned to any person, firm, corporation, association, or entity any released claim. Plaintiffs agree to indemnify and hold Home Depot harmless against, without any limitation, all claims, warranties, demands, debts, obligations, liabilities, costs, expenses (including attorney's fees), causes of action, or judgments based on or arising out of any such assignment or transfer. Plaintiffs further represent there is nothing that would prohibit them from entering into this Agreement.

13.   <u>Confidential and/or Proprietary Information</u>.  Plaintiffs acknowledge that through their employment with Home Depot, they have acquired and had access to certain Home Depot confidential and proprietary business information and trade secrets.  Plaintiffs agree that Home Depot may prevent the use or disclosure of its confidential information, proprietary business information, and trade secrets and acknowledge that Home Depot has taken all reasonable steps necessary to protect the secrecy of such information.  "Confidential information" includes information or data that is valuable to Home Depot and not generally known to its competitors or other outsiders, regardless of whether the confidential information is in printed, written, or electronic form, retained in plaintiffs' memory or has been compiled or created by plaintiffs.  Such information includes, but is not limited to:  technical, financial, personnel, staffing, payroll, computer systems, marketing, advertising, merchandising, product, vendor, customer data, trade secrets, or other information similar to the foregoing.  Plaintiffs agree that they have not and in the future will not use or disclose to any third party confidential information, unless required by law and after notice to Home Depot, and agree to destroy or return all documents, papers, or any other item or source containing confidential information to Home Depot.  Plaintiffs will either return the materials or verify in writing that they have been destroyed within 10 days after the district court enters an order approving the Agreement.  If plaintiffs have any question regarding what information is covered by this provision, they agree to contact Joel M. Cohn, Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Ave., NW, Washington, D.C. 20036, for written clarification.  Materials returned to Home Depot and written verifications will be sent to Mr. Cohn.

14.   <u>No Future Employment</u>.  Plaintiffs agree that their employment relationship with Home Depot has been permanently and irrevocably severed.  Plaintiffs hereby understand and agree that they will not be re-employed by Home Depot in the future and will never knowingly apply to Home Depot for any position.  Plaintiffs agree that if they apply, are offered, and accept such a position, the offer may be withdrawn and plaintiffs may be terminated without notice, cause, or legal recourse.

15.   <u>Non-Disparagement and Incitement of Claims</u>.  Plaintiffs agree they will not make or cause to be made any statement that disparages or damages Home Depot.  Plaintiffs also agree that they will not encourage or incite other current or former employees of Home Depot to disparage or assert any complaint, claim, or charge, or initiate any legal proceeding, against Home Depot.  If plaintiffs engage in any of the conduct described in this paragraph, they must pay $6,700 to Home Depot as liquidated damages for each such violation that an arbitrator, as described below in paragraph 18 determines has occurred.

16.     Plaintiffs Are Not Prevailing Parties.  Plaintiffs will not be considered prevailing parties for any purpose.

17.     Breach.  Plaintiffs agree that any disputes concerning alleged breaches of paragraphs 12, 14, and 16 of this Agreement will be resolved by arbitration under the procedures outlined by the American Arbitration Association ("AAA").  The arbitration will be pursuant to the Federal Arbitration Act and the National Rules for the Resolution of Employment Disputes, as published by the AAA, will govern the proceedings, except that each party will be solely responsible for their own attorney's fees and expenses regardless of the outcome.  Plaintiffs agree that if an arbitrator decides plaintiffs have breached their obligations described in paragraphs 12, 14, and 16, Home Depot will have the right to terminate this Agreement and its obligations hereunder and have the right to pursue all remedies allowed in law or equity, including, but not limited to, the payment of $6,700 for each violation of this Agreement.  Notwithstanding this paragraph, if any of the plaintiffs files an action in violation of the release of claims herein, Home Depot will have the right to seek relief from the court in which the action has been filed.

18.     Entire Agreement.  This Agreement contains the entire agreement between the parties with respect to all disputes or claims that plaintiffs have or could have had against Home Depot as of the date the Agreement is executed, and supersedes all other agreements between plaintiffs and Home Depot regarding such disputes or claims.  This Agreement will not be changed unless in writing and signed by both plaintiffs and Home Depot.

19.     Severability.  The unenforceability of any provision of this Agreement will not affect or impair any other provisions, which will remain in full force and effect. If any portion of this Agreement is found unenforceable, the parties agree to enter into a full, general, and valid release of claims by plaintiffs.

20.     Acknowledgement.  Plaintiffs acknowledge that no representation, promise, or inducement has been made other than those set forth in the Agreement and they enter into the Agreement without reliance on any other representation, promise, or inducement.  Plaintiffs also acknowledge that they assume the risk for any mistake of fact known or unknown.  Plaintiffs represent they understand the terms of the Agreement and enter into the Agreement voluntarily.  Plaintiffs acknowledge that they have:  (a) consulted with their own attorney concerning this Agreement and were advised to do so by Home Depot; and (b) enter into the Agreement based on their own judgment and advice of their attorney.  Plaintiffs also acknowledge that they have been given a reasonable period of time to consider the Agreement and to consult with their attorney.  Plaintiffs acknowledge that payments received under

the Agreement will not be cause for recomputing any of the plaintiffs' respective individual benefits provided by Home Depot, including any retirement benefits. In addition, plaintiffs acknowledge that they are releasing only claims in paragraph 9 above that arose before execution of this Agreement. Finally, plaintiffs agree that the settlement amount they will receive under this Agreement is sufficient for their misclassification claims under federal law.

21.     Medicare Benefits Acknowledgement.  Plaintiffs affirm that they are not, and have never been, recipients of Medicare benefits.  Plaintiffs further affirm that they have not sought medical treatment or incurred medical costs (either on behalf of themselves or through Medicare) as a result of the claims asserted in this action.

22.     Headings.  The headings in this Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

23.     Choice of Law.  This Agreement is to be interpreted pursuant to the laws of California, except where the application of federal law applies.

24.     Civil Code of the State of California §1542.  Plaintiffs expressly waive all rights under section 1542 of the Civil Code of the State of California, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Notwithstanding the provisions of section 1542 and to ensure implementing a full and complete release of all covered claims, plaintiffs expressly acknowledge that this Agreement is intended to include and does include, without limitation, all the claims which they do not know or suspect to exist in their favor regarding their alleged misclassification in the position of Merchandising Assistant Store Manager and/or Specialty Assistant Store Manager by Home Depot and that this Agreement contemplates the extinguishment of all such claims.

JOHN AMBROSINO

_____

Date: May 15, 2014

HOME DEPOT U.S.A., INC.

By: _____

Title: _Assistant General Counsel_

Date: May 5th, 2014

ANGELA ASHWORTH

Date: May 5th, 2014

SUSAN CLARKE

_____

Date: May ___, 2014

MERAT FAROKHNIA

_____

Date: May ___, 2014

SUSAN GIEBELHAUS

_____

Date: May ___, 2014

DAVID INGLE

_____

Date: May ___, 2014

PEGGY JENSEN

Date:  May __, 2014

ANGELA ASHWORTH

_____

Date:  May __, 2014

SUSAN CLARKE

_Susan Clarke_

Date:  May 16, 2014

MERAT FAROKHNIA

_____

Date:  May __, 2014

SUSAN GIEBELHAUS

_____

Date:  May __, 2014

DAVID INGLE

_____

Date:  May __, 2014

PEGGY JENSEN

Date:  May ___, 2014

ANGELA ASHWORTH

_____

Date:  May ___, 2014

SUSAN CLARKE

_____

Date:  May 22, 2014

MERAT FAROKHNIA

_____

Date:  May ___, 2014

SUSAN GIEBELHAUS

_____

Date:  May ___, 2014

DAVID INGLE

_____

Date:  May ___, 2014

PEGGY JENSEN

FROM : SAM-CHARLOTTE GIEBELHAUS          FAX NO. :602-955-7034          May. 19 2014 02:30PM P1

Date: May ___, 2014


ANGELA ASHWORTH

_____

Date: May ___, 2014


SUSAN CLARKE

_____

Date: May ___, 2014


MERAT FAROKHNIA

_____

Date: May ___, 2014


SUSAN GIEBELHAUS

Date: May _16_, 2014


DAVID INGLE

_____

Date: May ___, 2014


PEGGY JENSEN

Date: May ___, 2014

ANGELA ASHWORTH

_____

Date: May ___, 2014

SUSAN CLARKE

_____

Date: May ___, 2014

MERAT FAROKHNIA

_____

Date: May ___, 2014

SUSAN GIEBELHAUS

_____

Date: May ___, 2014

DAVID INGLE

_Øavil_

Date: May **16**, 2014

212-421-6553

PEGGY JENSEN

Date: May 16, 2014

JOSEPH LEON

Date: May __, 2014

JOSEPH LORENZ

Date: May __, 2014

JENNIFER MACHAMER

Date: May __, 2014

JOSE MENDOZA

Date: May __, 2014

CHRISTOPHER MILLS

Date: May __, 2014

KEVIN MUSSRO

Date:  May 15, 2014

JOSEPH LEON

Date:  May ___, 2014


JOSEPH LORENZ


Date:  May ___, 2014


JENNIFER MACHAMER


Date:  May ___, 2014


JOSE MENDOZA


Date:  May    , 2014

Date: May ___ 2014

JOSEPH LEON

Date: May ___, 2014

JOSEPH LORENZ

*[signature]*

Date: May 14, 2014

JENNIFER MACHAMER

Date: May ___, 2014

JOSE MENDOZA

Date: May ___, 2014

CHRISTOPHER MILLS

Date: May ___, 2014

KEVIN MUSSRO

_____

Date:  May ___, 2014

JOSEPH LEON

_____

Date:  May ___, 2014


JOSEPH LORENZ


_____

Date:  May ___, 2014


JENNIFER MACHAMER
_____

Date:  May 19, 2014


JOSE MENDOZA

_____

Date:  May ___, 2014


CHRISTOPHER MILLS

_____

Date:  May ___, 2014


KEVIN MUSSRO

_____

Date:  May __, 2014

JOSEPH LEON


_____

Date:  May __, 2014


JOSEPH LORENZ


_____

Date:  May __, 2014


JENNIFER MACHAMER


_____

Date:  May __, 2014


JOSE MENDOZA

_____

Date:  May 15, 2014


CHRISTOPHER MILLS


_____

Date:  May __, 2014


KEVIN MUSSRO

JOSEPH LEON

_____

Date:  May __, 2014


JOSEPH LORENZ

_____

Date:  May __, 2014


JENNIFER MACHAMER

_____

Date:  May __, 2014


JOSE MENDOZA

_____

Date:  May 3?, 2014


CHRISTOPHER MILLS

_____

Date:  May __, 2014


KEVIN MUSSRO

KEVIN MUSSRO


Date: May 16, 2014

MICHAEL SANCHEZ


Date: May __, 2014


Date: May __, 2014                    SQUITIERI & FEARON, LLP

                                      By: _____
                                          Attorneys for Plaintiffs
                                          JOHN AMBROSINO
                                          ANGELA ASHWORTH
                                          SUSAN CLARKE
                                          MERAT FAROKHNIA
                                          SUSAN GIEBELHAUS
                                          DAVID INGLE
                                          PEGGY JENSEN
                                          JOSEPH LEON
                                          JOSEPH LORENZ
                                          JENNIFER MACHAMER
                                          JOSE MENDOZA
                                          CHRISTOPHER MILLS
                                          KEVIN MUSSRO
                                          MICHAEL SANCHEZ


Date: May 27, 2014                    AKIN GUMP STRAUSS HAUER &
                                      FELD LLP

                                      By: _____
                                          Attorneys for Defendant
                                          HOME DEPOT U.S.A., INC.

Date: May __, 2014

MICHAEL SANCHEZ

*michaan /the Sanchy*

Date: May 23 2014

SQUITIERI & FEARON, LLP

Date: May __, 2014

By: _____

    Attorneys for Plaintiffs
    JOHN AMBROSINO
    ANGELA ASHWORTH
    SUSAN CLARKE
    MERAT FAROKHNIA
    SUSAN GIEBELHAUS
    DAVID INGLE
    PEGGY JENSEN
    JOSEPH LEON
    JOSEPH LORENZ
    JENNIFER MACHAMER
    JOSE MENDOZA
    CHRISTOPHER MILLS
    KEVIN MUSSRO
    MICHAEL SANCHEZ

Date: May __, 2014

AKIN GUMP STRAUSS HAUER &
FELD LLP

By: _____

    Attorneys for Defendant
    HOME DEPOT U.S.A., INC.

<u>EXHIBIT A</u>

The amount set forth in paragraph 7 of the Agreement will be allocated as follows:

1.    <u>John Ambrosino</u>.

$11,536.98 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $11,536.97 as non-wages.

2.    <u>Angela Ashworth</u>.

$8,186.97 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $8,186.97 as non-wages.

3.    <u>Susan Clarke</u>.

$9,102.95 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $9,102.95 as non-wages.

4.    <u>Merat Farokhnia</u>.

$6,882.12 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $6,882.12 as non-wages.

5.    <u>Susan Giebelhaus</u>.

$8,837.98 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $8,837.97 as non-wages.

6.    <u>David Ingle</u>.

$6,039.76 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $6,039.76 as non-wages.

7.    <u>Peggy Jensen</u>.

$4,163.99 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $4,163.98 as non-wages.

8.    <u>Joseph Leon</u>.

$6,514.05 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $6,514.05 as non-wages.

9.   <u>Joseph Lorenz</u>.

$29,161.90 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $29,161.90 as non-wages.

10.   <u>Jose Mendoza</u>.

$7,735.08 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $7735.08 as non-wages.

11.   <u>Jennifer Machamer</u>.

$4,484.36 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $4,484.36 as non-wages.

12.   <u>Christopher Mills</u>.

$565.40 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $565.39 as non-wages.

13.   <u>Kevin Mussro</u>.

$4,893.17 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $4,893.16 as non-wages.

14.   <u>Michael Sanchez</u>.

$3,926.22 as unpaid overtime wages, less applicable deductions and withholdings required by law, and $3,926.22 as non-wages.