# EXHIBIT 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COHELAN KHOURY & SINGER**
Isam C. Khoury, SBN 58759
Michael D. Singer, SBN 115301
Diana M. Khoury, SBN 128643
Kimberly D. Nielson, SBN 216571
605 C Street, Suite 200
San Diego, California 92101-5305
Telephone: (619) 595-3001 / Facsimile: (619) 595-3000

**LAW OFFICES OF MICHAEL P. SOUSA, APC**
Michael P. Sousa, SBN 229416
3232 Governor Drive, Suite "A"
San Diego, California 92122
Telephone: (858) 453-6122 / Facsimile: (858) 453-2155

Attorneys for Plaintiffs and the Proposed Classes

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE GRAHAM and JOYCE LAMPKIN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> OVERLAND SOLUTIONS, INC., a Delaware corporation and; and DOES 1-100, inclusive, <br><br> Defendant. | Case No. 10CV0672 BEN (BLM) <br><br> **COLLECTIVE AND CLASS ACTION** <br><br> **DECLARATION OF ISAM C. KHOURY IN SUPPORT OF MOTION FOR ORDER GRANTING ATTORNEYS' FEES, COSTS, ENHANCEMENT PAYMENTS, AND CLAIMS ADMINISTRATION EXPENSES** <br><br> **[UNOPPOSED]** <br><br> Date: January 29, 2013 <br> Time: 9:30 a.m. <br> Dept: 3 (Fourth Floor) <br> Judge: Hon. Roger T. Benitez <br><br> Complaint filed: February 16, 2010 <br> Trial Date: None |

1   I, ISAM C. KHOURY, declare as follows:

2   1.   I am a Partner with the law firm of Cohelan Khoury & Singer, co-counsel of

3   record for Plaintiffs and the class in this matter.  I am duly admitted to practice before all the

4   courts of the state of California.  The following facts are within my personal knowledge and if

5   called to testify I could and would competently testify thereto.

6   2.   I am a 1973 Hastings School of Law graduate and was admitted to the California

7   State Bar in 1974.

8   3.   As Class Counsel, Cohelan Khoury & Singer has actively commenced, prosecuted

9   and concluded numerous state and federal class actions, many of which are employment law

10   related.  Cohelan Khoury & Singer has played a central role in the resolution of the following

11   class action cases which have received final approval by the Court:  *Mayville, et al. v. Kor Hotel*

12   *Group, L.L.C.,* United States District Court Case No.CV04-8461 [rest and meal period claims for

13   hotel employees], *Higgins, et al. v. Kohl's Department Stores, Inc., et al.,* San Diego County

14   Superior Court Case No. GIC832853 [consumer claims relating to sweepstakes contest], *Miller v.*

15   *Men's Wearhouse, Inc.,* Orange County Superior Court Case No. 03CC00132 [overtime

16   misclassification claims by retail managers], *Erickson, Maddox v. Bath & Body Works,* San Diego

17   Superior Court Case No. GIC823899 [rest and meal period claim by retail employees], *Seautelle*

18   *v. Tuesday Morning, Inc.,* San Diego Superior Court Case No. GIC822747 [meal period claim by

19   retail employees], *Lynch v. Matrix Direct, Inc.,* San Diego Superior Court Case No.GIC834808

20   [overtime misclassification claim by insurance salespeople]; *Hogue v. WH Smith of Nevada Inc.,*

21   et al., San Diego Superior Court Case No. GIC830653 [rest, meal, and off-the-clock claims by

22   retail employees], *Robles v Del Taco, Inc.,* Orange County Superior Court Case No.03CC00529

23   [rest, meal, and off-the-clock claims by restaurant employees], *Montano v. Nextel of California,*

24   *Inc.,* Orange County Superior Case No. 03CC04391 [expense reimbursement claim by

25   commission employees], *Holden v. Volume Services of America,* Orange County Superior Court

26   Case No.03CC00191 [rest and meal period claim by concessionaires], *AT&T WIRELESS*

27   *COMMISSION CASES,* Santa Clara Superior Court Case No. JCCP 4337 [wage deduction claim

28   by commission employees], *Miles v. Kaiser Foundation Hospitals,* Los Angeles Superior Court

-1-

1   Case No. BC 343535 [OT misclassification claim by IT employees], *Bates v. Haralambos*, Los

2   Angeles Superior Case No. BC329787 [rest and meal period claim by delivery drivers], *Bennett v.*

3   *Countrywide*, San Diego Superior Court, Case No. GIC840981 [expense reimbursement claim by

4   commission employees], *Hayhurst et al. v. Barclays Global Investors USA, Inc.*, San Francisco

5   Superior Court, Case No. CGC 05-443473 [OT misclassification claim by IT employees], *Mabry*

6   *v. Pete's Connection*, Orange County Superior Court, Case No. 04CC00509 [OT claim by

7   installers], *Tayrien v. U.S. Foodservice, Inc.*, Orange County Superior Court, Case No. No.

8   05CC00023 [OT claim by office personnel], *Lawrence, Vierling v. Robinsons-May, Inc.*, San

9   Diego Superior Court, Case No. GIC 863727 [rest and meal period claim by retail employees],

10  *Ryberg, Schmidt v. Applebee's International, Inc.*, San Diego Superior Court Case No. GIC

11  854304 [OT misclassification claim by restaurant managers], *Shriver, et al. v. M.A.C. Cosmetics*,

12  United States District Court Case No. SACV 06-601 [OT misclassification claim for retail

13  managers and rest and meal period claim for hourly retail employees], *Huang v. SBC Services,*

14  *Inc., et al.*, United States District Court Case No. 06-CV-2238 [OT misclassification claim by IT

15  employees], *Clark, et al. v. Michaels Stores, Inc.*, United States District Court, Southern District

16  of California, Case No. 05-CV1678 [rest and meal period claim by retail employees],

17  *Chiaramonte v. Pitney Bowes, Inc.*, United States District Court, Southern District of California,

18  Case No. 06-CV1507 [expense reimbursement claim by commission employees], *Woo v. the*

19  *Home Loan Group, L.P.*, United States District Court, Southern District of California, Case No.

20  07 -CV-0202 [expense reimbursement claim by commission employees], *Burke v. CitiMortgage,*

21  *Inc.*, United States District Court, Central District of California, Case No. 06-CV7550 [expense

22  reimbursement claim by commission employees], *Vinole v. World Savings, Inc.*, United States

23  District Court, Northern District of California Case No. C 06-05296 [expense reimbursement

24  claim by commission employees], *Sylvia, et al. v. Wells Fargo Home Mortgage, Inc.*, Orange

25  County Superior Court Case No. 03CC05747 [expense reimbursement claim by commission

26  employees], *Evans v. Washington Mutual Bank*, Orange County Superior Court Case No.

27  02CC15415 [expense reimbursement claim by commission employees], *Gonzalez, et al. v.*

28  *Freedom Communications, Inc. d/b/a The Orange County Register*, Orange County Superior

-2-

1 Court Case No. 03CC08756 [home delivery carriers misclassified as "independent contractors"],

2 *Aravena v. Cisco Systems, Inc.*, Orange County Superior Court Case No. 07CC01367 [OT

3 misclassification claim by IT employees], *Horne v. Kaiser Foundation Hospitals, Inc.*, Alameda

4 Superior Court Case No. RG07357061 [OT Misclassification by IT employees], *Penuela, et al. v.*

5 *Southern California Permanente Medical Group*, Los Angeles Superior Court Case No.

6 BC396462 [OT misclassification claim by IT employees], *First Franklin Employment Cases*, San

7 Diego County Superior Court Case No. J.C.C.P. 4598 [expense reimbursement claim], *KONICA*

8 *MINOLTA WAGE CASES*, Orange County Superior Court Case No. J.C.C.P. 4527 [expense

9 reimbursement claim], *Segal v. Juniper Networks, Inc.*, Santa Clara County Superior Court Case

10 No. 1-09-CV-142859 [OT misclassification claim by IT employees], *Perez v. Standard Concrete*

11 *Products, Inc.,* Orange County Superior Court Case No. 30-2008-00211820 [meal and rest period

12 claim], *Venturini v. Genentech, Inc.,* San Francisco Superior Court Case No. CGC-09-492494

13 [OT misclassification claim by IT employees], *Durrani v. Western Digital Corporation, et al.*,

14 Orange County Superior Court Case No. 30-2009-00268212 [OT misclassification claim by IT

15 Employees], *Watson v. Raytheon Company*, United States District Court, Southern District of

16 California Case No. 10CV0634 [Ot misclassification claim by IT employees], *Bills v. Sutter*

17 *Health*, Alameda Superior Court Case No. RG09465894 [Ot misclassification claim by IT

18 employees], *Steet v. Alfred Angelo, Inc.*, Los Angeles Superior Court Case No. BC419429 [OT

19 misclassification claim], STEROID HORMONE PRODUCT CASES, Los Angeles Superior

20 Court Case No. JCCP 4363 [consumer products claim], *Ferrari v. Entercom Communications*

21 *Corp., et al.*, San Francisco Superior Court Case No. CGC-09-486404 [expense reimbursement

22 claim], *McKinley v. Entravision Communications Corporation*, Los Angeles Superior Court Case

23 No. BC434291 [expense reimbursement claim], *Smith v. California Pizza Kitchen*, San Diego

24 Superior Court Case No. 37-2008-00083992 [OT misclassification claims by managers and

25 assistant managers], *Picoy v. 20/20 Communications, Inc.*, Los Angeles Superior Court Case No.

26 BC428743 [expense reimbursement claim], *Dunn v. The Kroger Company, et al.*, Los Angeles

27 Superior Court Case No. Case No. BC323252 [meal and rest break claims], *Gallen v. Gambro*

28 *Healthcare, Inc.*, Orange County Superior Court Case No. 04CC00571 [OT claims by nurses],

-3-

1    *Rogge v. Safeway, Inc.*, et al., Alameda Superior Court Case No. RG10505702 [secret shopper

2    reimbursement], *Spears, et al. v. Brake Masters, Inc.*, Sacramento Superior Court Case No. 34-

3    2010-00076319 [OT misclassification claims by managers and assistant and floating managers],

4    among others.

5            4.      Further, we consider ourselves qualified to evaluate the Class claims and viability

6    of the defenses.  Class Counsel's experience is set forth in paragraphs 3 through 5, and Exhibit 1,

7    of the Declaration of Isam C. Khoury in Support of Plaintiffs' Motion for Final Approval of Class

8    Action Settlement filed concurrently herewith and incorporated by this reference.  This

9    experience allowed our firm to assist in achieving an efficient resolution of the claims in this

10   matter.

11           5.      As the Court was advised in connection with the preliminary approval proceedings

12   and the Motion for Order Granting Final Approval, the Parties have negotiated a common fund

13   Settlement of $3,750,000 on behalf of the 1,468 current and former persons employed by OSI at

14   any time during the Class Period.   As a result of the extraordinary efforts expended by Class

15   Counsel, 70% of the California Class and 61% of the Nationwide Class have chosen to participate

16   in the Settlement and together have claimed 92% of the $2,471,919.26 ("Net Settlement Amount"

17   or "NSA").   Participating California Class Members will receive an average payment of

18   $9,376.25, and highest payment of $27,500.08, while a Participating Nationwide Class Member

19   will receive an average payment of $845.74 and highest payment of $3,720.08.  Class Counsel

20   submits that the Class has overwhelmingly embraced the Settlement as demonstrated by the

21   extraordinarily high claims participation rate and the lack of a single filed objection, as one which

22   is fair, adequate and reasonable.

23           6.      Pursuant to the terms of the Settlement, Class Counsel now respectfully moves for

24   an award of attorneys' fees in the sum of $1,125,000, i.e., 30% of the settlement common fund,

25   litigation costs of $50,580.74, Class Representative enhancement award of $25,000 to

26   Plaintiff/Class Representative Joyce Graham and $25,000 to Plaintiff/Class Representative Joyce

27   Lampkin, and claims administration fees and expenses to the appointed claims administrator,

28   Rust Consulting, Inc., in the sum of $52,500, all as approved by the Court.

-4-

7.     With the guiding principle that early class action settlements are favored and may not diminish an award of attorneys' fees as set forth below, Class Counsel submits the fee request is fair and reasonable in light of the benefits of providing back pay to the Class for all hours worked and of ensuring future benefits for proper compliance with California and Federal law with respect to such wage claims, the substantial hours and efforts expended by Class Counsel, the litigation risks and complexity of the case, the experience of counsel, and the fees commonly awarded in cases of this type.

8.     Class Counsel's request is predicated on the extensive lawyering by experienced Class Counsel that resulted in a settlement less experienced counsel likely could not have reached.

9.     Class Counsel are accomplished law firms specializing in wage and hour class action litigation as set forth in the Declarations of Isam C. Khoury and Michael Sousa.  Less adept, experienced, or determined lawyers likely would not have been able to the achieve in the results in this case.  The risks of loss at any stage of the litigation as detailed in the final approval motion are substantial.  Class Counsel's extensive experience in these types of cases allowed them to effectively present the Classes' claims to the mediator and to Defendant, as well as to persevere through the difficult settlement negotiations, at arm's-length, over the course of the next several months until a settlement in concept was reached and later memorialized in the Settlement Agreement now before the Court for final approval.  Class Counsel respectfully submits that without their experience and tenacity, this Settlement could not have been achieved.  Following the denial of the FRCP Rule 23 certification of the Nationwide and California Classes, and before discussions had opened regarding the possibility of a mediated settlement, Class Counsel had proceeded to renew their Rule 23 motion, which they strongly believe would have been granted.

10.    Class Counsel undertook all of the risks of this litigation on a contingent fee basis – the potential risks of surviving dispositive motions, obtaining class certification, proving liability and damages, prevailing in the "battle of the experts," winning at trial, and surviving post-trial motions and appeals – at the same time that they faced the significant risk that they

-5-

1   could litigate this case for years, expend many thousands of hours of work, at great expense, and

2   never be paid.

3        11.    Having undertaken this litigation on a contingent fee basis, Class Counsel

4   understood from the outset that they were embarking on a complex, expensive and lengthy

5   litigation, which would require the investment of hundreds, if not thousands, of hours of attorney

6   time, with no guarantee of ever being compensated for the investment of time and money the case

7   would require.   In undertaking that responsibility, Class Counsel was obligated to assure that

8   sufficient attorney resources were dedicated to the successful prosecution of this litigation.

9   Invariably, the dedication of resources precluded Class Counsel from working on cases whose

10   outcome was more certain.

11        12.    Importantly, many contingent fee cases do not result in compensation for

12   Plaintiffs' counsel because cases are dismissed at the pleadings stage, lost at summary judgment

13   or after a trial on the merits, or reversed on class certification after expenditure of hundreds or

14   thousands of hours of attorney and staff time and money.  Many hard-fought lawsuits ultimately

15   produce no fee for counsel because of the discovery of facts unknown when the case was

16   commenced, changes in the law while the case was pending, or decisions of judges or juries

17   following a trial on the merits, despite efforts of members of the plaintiffs' bar.

18        13.    Here, Class Counsel has not received any compensation for their services in

19   prosecuting this class action on behalf of the Class or received any reimbursement of their out-of-

20   pocket expenses.  This class action was filed almost three years ago.  To properly handle and

21   prosecute active class action litigation such as this case, Cohelan Khoury & Singer, as well as

22   myself are often precluded from accepting or working on other potential fee-producing cases, due

23   to the attention and requisite work to successfully handle these cases.  Cohelan Khoury &

24   Singer's attention to this difficult case was undertaken in lieu of work on other cases.  Cohelan

25   Khoury & Singer takes these cases purely on a contingent fee basis, paying all costs in advance,

26   at considerable risk with the ultimate result open to question. Practicing in this area of law

27   involves a great deal of risk as these cases are subject to demurrer, can be lost at class

28   certification hearings, on the merits, or on appeal.  We are almost always dealing with the top law

-6-

1    firms in the country who represent the defendants in these cases.  Due to the high stakes involved,

2    and the continuing uncertainties in the wage and hour area of law, these cases are always hotly

3    contested and vigorously litigated.  This case was no exception.

4          14.    In analogous wage and hour lawsuits and settlements, this District Court has

5    awarded attorneys' fees in amounts equal to or more than Class Counsel's fee request, e.g.

6          (1)    *Birch v. Office Depot,* USDC Southern District, Case No. 06CV1690 (DMS)

7    awarding attorneys' fees of 40% of a $16,000,000 settlement in a pre-certification meal and rest

8    period class action);

9          (2)    *Huang v. SBC Services, Inc.*, USDC Southern District, Case No. 06-CV-2238

10   (DMS/WMC) (Hon. William M. McCurine -- awarding attorneys' fees of 30% of a $11,200,00

11   settlement in a pre-certification misclassification class action,

12         (3)    *Clark, et al. v. Michaels Stores, Inc.*, USDC Southern District, Case No. 05-CV-

13   1678 WQH (JMA) (Hon. William Q. Hayes -- awarding attorneys' fees of 30% of $4,300,000

14   settlement in pre-certification meal and rest period class action);

15         (4)    *Watson v. Raytheon Company*, USDC Southern District, Case No. CV-10-cv-

16   00634 LAB RBB (Hon. Larry B. Burns – awarding attorneys' fees of 33-1/3% of a $2,000,000

17   settlement in a certified misclassification class action);

18         (5)    *Dirienzo v. Dunbar Armored, Inc.*, USDC Southern District, Case No. CV-09-

19   2745 DMS JMA, (Hon. Dana M. Sabraw – awarding attorneys' fees of 33-1/3% of $1,500,000

20   settlement in a pre-certification expense reimbursement, rest and meal period class action);

21         (6)    *Green, et al. v. Penske Logistics, L.L.C.,* et al., USDC Southern District, Case No.

22   CV-09-0069 DMS (CAB) (Hon. Hon. Dana M. Sabraw -- awarding attorneys' fees of 33% of a

23   $500,00 settlement in a pre-certification vacation policy class action); and

24         (7)    *Gardner v. GC Services, LP.*, USDC Southern District, Case No. 10cv0997-IEG

25   (CAB) – (Chief Justice Irma E. Gonzalez – awarding attorneys' fees of 30% of a $975,000

26   settlement in a pre-certification failure to pay straight and overtime wages class action). In short,

27   Class Counsel's fee request is in line with awards in similar cases.  Consequently, this factor also

28   supports Class Counsel's fee request.

-7-

1    15.    The requested fee is also in line with fee awards in similar wage and hour class

2    actions litigated in other district courts in the Ninth Circuit, e.g., (1) *Benitez et al. v. Wilbur*,

3    USDC – Eastern District, 1:08-CV-1122 LJO GSA) – 33.3%; (2) *Chavez et al. v. Petrissans et*

4    *al.,* USDC – Eastern 1:08-CV-00122 LJO-GSA) – 33.3%; (3) *Vasquez v. Aartman*, USDC –

5    Eastern 1:02-CV05624 AWI LJO) – 30%; (4) *Baganha v. California Milk Trans.* USDC –

6    Eastern 1:01-CV-05729 AWI (LJO) – 31.25%; (5) *Randall Willis et al. v. Cal Western Transport,*

7    and *Earl Baron et al. v. Cal Western Transport,* USDC – Eastern, Coordinated Case No. 1:00-

8    cv-05695 AWI (LJO) – 33%.; and (6) *Mayville v. Kor Hotel Group, LLC.*, USDC – Central

9    District, Case No. CV04-8461 ABC (RCx) (Hon. Aubrey B. Collins – 30%).

10    16.    Courts often crosscheck the reasonableness of a percentage fee award against the

11    lodestar-multiplier method.  The lodestar figure is calculated by multiplying the hours spent on

12    the case by the reasonable hourly rates for the region and attorney experience.  Courts may adjust

13    the lodestar figure upward by using a positive multiplier to reflect numerous "reasonableness"

14    factors, including the (1) quality of representation, (2) class benefits, (3) complexity and novelty

15    of issues presented, and (4) risk of nonpayment.  State and federal courts often grant multipliers

16    of four or more.  Under that method, Class Counsel herein seek a modest multiplier of 1.26 over

17    their combined base lodestar of $888,580.00.

18    17.    Class Counsel's fee request is reasonable when calculated using the lodestar

19    method.  Class Counsel has been pursuing this case for nearly three years and has worked

20    1,875.55 hours on this case, which results in a lodestar fee of $888,580.00 for their work at rates

21    reflecting those currently earned in the market place.  A true and correct Summary of Attorney

22    Time and Costs, which I directed to be prepared, is attached hereto as Exhibit 1.

23    18.    Included within these hours is the anticipated 25 to 30 hours, to prepare for and

24    attend the final approval hearing, to provide supplemental information and documentation

25    following the filing of these motions should the Court request, following the grant of final

26    approval, to interact with Defense counsel and the Claims Administrator implementing the terms

27    of the settlement with respect to claims, funding, distributions, approval of checks, resolving

28    disputed class member claims, transmittal letters, respond to Class Member questions, deal with

-8-

1   uncashed checks, etc.

2       19.     Class Counsel Cohelan, Khoury & Singer's hourly rates are between $350 and

3   $750 for the attorneys who worked on this case, and have been approved by numerous Courts in

4   prior cases; hourly rates for the attorneys in my firm who worked on this case are as follows:

5   Myself ($700); Timothy D. Cohelan ($750); Michael D. Singer ($750); Diana M. Khoury ($600);

6   and Kimberly D. Neilson ($350).

7       20.     Class Counsel's skill and experience support their hourly rates.  Their practice is

8   limited exclusively to litigation, focusing on the representation of employees in numerous wage

9   and hour class action matters and have been appointed class counsel or co-class counsel in over

10  150 of these cases.

11      21.     Furthermore, other wage and hour attorneys working as class counsel before

12  California courts charge comparable if not higher rates.  Class Counsel's 2010-2011 rates

13  compare favorably to a rate of $450 considered reasonable by courts in 1993.  Further, these rates

14  also compare favorably to 2008 rates, as reported in a survey conducted in 2008 by the National

15  Law Journal, a true and correct copy of which is attached hereto as Exhibit 2.

16      22.     As a Principal and Senior Partner of Cohelan Khoury & Singer, I have devoted

17  62.35 hours working on this case and representing the Class.  I am a 1970 graduate of the

18  University of California at San Diego and received a law degree from Hastings School of Law in

19  1973. I am a member of the State Bar of California, admitted in 1974, the San Diego County Bar

20  Association, Consumer Attorneys of San Diego and Consumer Attorneys of California. I have

21  successfully litigated numerous complex civil matters to verdict, jury and non-jury.  My main

22  areas of practice include civil tort litigation, personal injury, business torts, antitrust and class

23  action cases. In recent years, I have emphasized wage and hour class action litigation, including

24  all aspects of overtime eligibility and the evolving nature of California and federal employment

25  law.   I have been approved as a continuing legal education lecturer and have participated in

26  seminars on class action wage and hour issues, the complexities of mediation, and the procedural

27  requirements involved in class action settlements.  The following is an overview/summary of my

28  tasks and activities performed in the litigation of this matter: client intake review and research of

-9-

1   potential class claims; review and edit proposed discovery plan; review and revise proposed

2   protective order; draft, read and respond to numerous emails, dozens of meetings and discussions

3   with class counsel and defense counsel;  prepare Rule 30(b)(6) deposition outline; review class

4   certification pleadings and assist in oral argument preparation; prepare for and attend mediation;

5   draft memo regarding mediation and settlement status; review settlement documents; review and

6   revise motion for preliminary approval of settlement; review and review *Kullar* analysis

7   (reasonableness of the settlement amount) in preliminary approval motion; and monitor the

8   administration of the settlement  My hourly rate is $700 per hour.  The number of hours I

9   expended and total attorney's fees of $43,645.00 are reasonable and necessary.

10        23.     Timothy D. Cohelan, Principal and Senior Partner, has devoted 12.10 hours

11   working on this case and representing the Class.  Mr. Cohelan has been a member of California

12   Bar since 1974 and the District of Columbia since 1996 and has been in continuous practice since

13   1974.  Mr. Cohelan has tried class and non-class civil matters to conclusion and collectively has

14   achieved substantial recoveries for persons participating in class actions.  The following is an

15   overview/summary of Mr. Cohelan's tasks and activities performed in the litigation of this matter:

16   review and revise correspondence drafted by class counsel; and participation in numerous

17   discussions and meetings with class counsel re discovery issues, mediation and settlement

18   negotiations.  Mr. Cohelan's hourly rate is $750 per hour.  The number of hours expended for the

19   work performed results in attorney's fees of $9,075.00 are reasonable and necessary.

20        24.     Michael D. Singer, Managing Partner, has devoted 543.30 hours working on this

21   case representing the Class.  Mr. Singer has participated in the initial client meeting and

22   conducted legal research into plaintiffs' class claims; reviewed and analyzed thousands of

23   documents produced by plaintiff and defendant; reviewed and revised plaintiffs' class action

24   complaint; participated in multiple meetings and teleconferences with class counsel and defense

25   counsel; reviewed and revised discovery propounded to defendant; reviewed defendant's

26   responses to discovery; drafted and responded to numerous correspondences; reviewed proposed

27   protective order; prepared for and defended plaintiffs' depositions; drafted legal memos regarding

28   piece rate, liability and class certification matters; prepared for and deposed defense witnesses;

-10-

1   reviewed and analyzed documents produced by defendant in response to deposition notices;

2   drafted introductions to plaintiffs' motions for class certification; read class member interviews

3   and corresponding declarations; reviewed and revised plaintiffs' motions for class certification;

4   conferred with and assisted in the drafting plaintiffs' expert witness declaration supporting class

5   certification; reviewed and analyzed defendant's opposition to motions for class certification;

6   conducted legal research in preparation of drafting reply to opposing to certification motions;

7   prepared for and attended hearing on plaintiffs' motions for class certification; reviewed and

8   conferred with class counsel regarding court's class certification orders; drafted and revised

9   portions of plaintiffs' mediation brief; analyzed defendant's damages exposure; teleconferences

10  with plaintiffs' expert regarding mediation damages;  prepared for and attending mediation in San

11  Francisco; post mediation settlement negotiations; prepared settlement agreement; revised

12  preliminary approval motion; and monitored the status of the case and settlement proceedings.

13  Mr. Singer is a 1984 graduate of U.C. Hastings Law School and graduated magna cum laude from

14  San Francisco State University in 1980 with a B.A. in English.  He was admitted to the State Bar

15  of California in 1984 and the State Bar of Colorado in 2001.  Mr. Singer is a member of the

16  California Employment Lawyers Association (CELA) and the San Diego County Bar

17  Association.  His main areas of practice include employment wage and hour, consumer, and

18  unfair competition class actions and appellate practice.  Mr. Singer is an MCLE lecturer on class

19  action procedure and wage and hour issues and has argued appeals in the Second, Third, and

20  Ninth Federal Circuit Courts of Appeals, as well as the Second and Fourth California District

21  Courts of Appeal. Published decisions include *Hicks v. Kaufman and Broad Home Corp.* (2001)

22  89 Cal.App.4th 908 (reversing the denial of certification of a class of home buyers for

23  construction defects), *Hicks v. Superior Court* (2004) 115 Cal.App.4th 77 (challenging implied

24  construction warranty disclaimers), *Federal Home Loan Mortgage Corp. v. La Conchita Ranch

25  Co.* (1998) 68 Cal.App.4th 856 (defending challenge to attorney disqualification),and *Save Our

26  NTC, Inc. v. City of San Diego* (2003) 105 Cal.App.4th 285 (challenging private development of

27  former naval training center).  He also contributed to the briefing of *Aguilar v. Atlantic Richfield,

28  et al.* (2001) 25 Cal.4th 826 (summary judgment of antitrust claim of certified class of 20 million

-11-

1   California drivers).  Mr. Singer is a contributing author on California wage and hour law to the

2   CEB publication entitled California Wage and Hour Law: Compliance and Litigation.  He is also

3   a contributor to the California State Bar, Litigation Section, Los Angeles Daily Journal, Orange

4   County Lawyer, and Consumer Attorneys of California publications on class action and

5   employment issues and regularly contribute amicus curiae briefs on employment issues for the

6   California Employment Lawyers Association (CELA) and also serve as wage and hour amicus

7   liaison for CELA, reviewing and coordinating amicus filings on wage and hour issues in the

8   California Supreme Court and Courts of Appeal. With regard to CELA, Mr. Singer has acted as

9   amicus curiae liaison, coordinating, drafting or co-drafting amicus letters and briefs on a wide

10  range of labor law issues in the rapidly developing decisional law, supporting Review in the

11  Supreme Court, and publication or depublication of Court of Appeal decisions in the following

12  cases since 1/1/08: *Chindarah v. Pick up Stix*, 171 Cal. App. 4th 796 (2009), California Superior

13  Court Case No. S171864 [regarding propriety under Labor Code section 206.5 and California

14  Rules of Court of settling with absent class members without court supervision prior to class

15  certification] (Supporting Petition for Review; Review Denied); *Lu v Hawaiian Gardens Casino*,

16  California Supreme Court Case No. S171442 [whether a private cause of action exists under the

17  Labor Code for tip pooling violations](Review Granted); *Brinkley v Public Storage*, 198 P.3d

18  1087 (2009), California Supreme Court Case No. S168806 [denying class certification of rest and

19  meal period claims](Review Granted); *Estrada v. Fedex Ground Package System*, 154 Cal. App.

20  4th 1 (2007), California Supreme Court Case No. S156595 [judgment finding drivers entitled to

21  expense reimbursement] (supporting opposition to Review; Review denied); *Group Brewer v*

22  *Premier Golf*, 168 Cal. App. 4th 1243 (2008), California Supreme Court Case No. 169666

23  [holding punitive damages unavailable in connection with wage claims] (supporting Petition for

24  Review; Review Denied); *Christler v. Express Messenger*, California Supreme Court Case No.

25  S171439 [jury verdict finding employees independent contractors] (supporting Petition for

26  Review; Review Denied); *Watkins v. Wachovia* 172 Cal. App. 4th 1576 (2009), California Court

27  of Appeal Case No. B199982 [affirming dismissal of appeal following denial of class certification

28  based on employee severance agreement resolving claims (depublication request pending);

-12-

1    *Ghazaryan v. Diva Limousine*, 169 Cal. App. 4th 1524 (2008), California Court of Appeal Case

2    No. B201509 [reversing class certification denial] (publication request granted); *Bufil v Dollar*

3    *Financial Group*, 162 Cal. App. 4th 1193 (2008), California Court of Appeal Case No. A118143

4    [reversing certification denial of meal period claims applying collateral estoppels] (publication

5    request granted); *Kurian v. U.S. Mortgage Capital*, California Court of Appeal Case No.

6    B201013 [regarding propriety of wage compromises under Labor Code section 206.5]

7    (publication requiest denied); *BCBG Overtime Cases*, 163 Cal. App. 4th 1293 (2008), California

8    Supreme Court Case No. S165348 [propriety of defendant bringing preemptive motion to deny

9    class certification] (depublication request denied); *Kenny v Supercuts*, 252 F.R.D. 641 (2008),

10   United State District Court Case No. C 06-07521 CRB,  and *Salazar v Avis*, 251 F.R.D. 529

11   (2008), United State District Court Case No. 07-CV-0064-IEG-WMC [denying certification of

12   rest and meal period claims] (request that 9th Circuit Court of Appeals certify question to the

13   California Supreme Court denied); *Methodist Hospital v Superior Court*, California Court of

14   Appeal Case No. B208295 [ruling a private right of action exists for rest and meal period claims

15   under Labor Code section 226.7] (supporting opposition to Petition for Writ; Writ denied).  He

16   has briefed and argued as amicus curiae on behalf of CELA in the *National Steel and*

17   *Shipbuilding Company v. Superior Court* (2006) 135 Cal.App.4th 1072, and, on behalf of CELA,

18   submitted an amicus curiae brief in *Murphy v. Kenneth Cole Productions, Inc.*, (2005) 134

19   Cal.App.4th 728.  Mr. Singer also argued the matter of *Brinker International Inc. v. Superior*

20   *Court* before the Fourth District Court of Appeal in May 2008 on transfer from the California

21   Supreme Court, and co-authored the granted Petition for Review of the July 22, 2008 decision in

22   the California Supreme Court, which was granted on October 22, 2008, argued in November

23   2011, with ruling issued on April 12, 2012.  Mr. Singer's hourly rate is $750 per hour.  The

24   number of hours Mr. Singer expended for work performed in this matter and total attorney's fees

25   of $407,475.00 are reasonable and necessary.

26        25.    Diana M. Khoury, a Partner of Cohelan Khoury & Singer, is a 1975 graduate of

27   San Diego State University where she received her Bachelor's of Science degree.  She received

28   her law degree from Western State University College of Law in 1986 and was admitted to the

-13-

1    State Bar of California 1987.  Since 1987, she has been a member of the San Diego County Bar

2    Association, Consumer Attorneys of San Diego, Consumer Attorneys of California, and

3    American Association for Justice.  She has served on the Board of Consumer Attorneys of San

4    Diego since 2010, and has served on numerous committees through the years for both the

5    Consumer Attorneys of San Diego and San Diego County Bar Association.  Ms. Khoury has been

6    selected as a "Super Lawyer" for 2010, 2011, and 2012 by the Southern California Superior

7    Lawyers Magazine.  Ms. Khoury has successfully litigated numerous personal injury matters,

8    having  taken many to verdict in jury trials.  In recent years, in the wage and hour class action

9    litigation area, she has been primarily responsible for the negotiation of the terms of the

10   settlement agreement (following agreement of the principal terms of the settlement), the class

11   notices and documents, and taking these class actions settlement through the approval process and

12   to judgment and beyond.  Ms. Khoury has worked 179.10 hours through January 14, 2013 in

13   representing the Class by assisting in the negotiations of the terms of and drafting the settlement

14   documents following the mediation; drafting and revising the Motion for Preliminary Approval of

15   Class Action Settlement; drafting the Motions for Final Approval and Award of Fees and Costs;

16   communicating with class members who had questions concerning the settlement process;

17   multiple conversations with class representatives regarding the settlement and their declarations

18   supporting the requested enhancement; numerous teleconferences with defense counsel and the

19   claims administrator throughout the pendency of the claims period; reviewing the weekly status

20   reports;  working with claims administrator to resolve issues and to prepare her declaration on

21   behalf of Rust in support of the motion for final approval.  Ms. Khoury has been primarily

22   responsible for advancing cases in our firm through to final approval on no less than 125 cases

23   over the course of these past several years.  Ms. Khoury's hourly rate is $600 per hour.  The

24   number of hours expended by Ms. Khoury for work performed and the corresponding attorney's

25   fees of $107,460.00 are reasonable and necessary.

26          26.    Kimberly D. Neilson, an associate at the law firm of Cohelan Khoury & Singer,

27   invested 554.50 hours to this matter.  Ms. Neilson is a 2001 University of San Diego School of

28   Law graduate and was admitted to practice in December, 2001.  Ms. Neilson's legal practice has

-14-

1   focused almost solely on class action cases, particularly consumer and employment related.  Ms.

2   Neilson has interacted and worked closely with numerous class representatives, class members,

3   and defense counsel.  Further she has conducted research and investigation into claims of class

4   members and defenses asserted by defendants.  The following is a summary of Ms. Neilson's

5   tasks and activities performed in the litigation of this matter: review of client intake materials;

6   drafted PAGA letter; multiple meetings and telephone calls with plaintiffs; review of all

7   documents provided by plaintiffs; review of all documents produced by defendant; drafted class

8   action complaint; drafted and responded to dozens of emails and letters; researched claims and

9   drafted amended complaint; legal research; participated in numerous teleconferences with co-

10   counsel and defendant; drafted plaintiffs'' ENE statement; drafted multiple sets of discovery

11   propounded upon defendant; responded to discovery served on plaintiffs; prepared plaintiffs for

12   deposition; attended and defended plaintiff depositions; drafted letters sent to class members

13   regarding status of case; prepared for, traveled to and deposed defense witnesses; meetings with

14   paralegals regarding class member contact, interviews and declarations; spoke with class

15   members; researched and obtained services of experts; conversations with experts; drafted

16   plaintiffs' motions for class certification and supporting documents; reviewed defendant's

17   opposition to certification motions and drafted replies; prepared for and attended class

18   certification hearing; drafted, reviewed and revised plaintiffs' mediation brief; worked closely

19   with expert in creation of mediation damage model; and day to day monitoring of case, which

20   included responding to hundreds of emails, correspondence and telephone calls.  Ms. Neilson's

21   hourly rate is $350 per hour.  The number of hours expended by Ms. Neilson for work performed

22   and total attorney's fees of $194,075.00 are reasonable and necessary.

23        27.    Paralegals Amber Worden, Matthew Atlas, and Tiffany Davis have spent a

24   combined 321.50 hours representing the class by:  reviewing documents produced by plaintiffs

25   and defendant; reviewing discovery responses of plaintiffs and defendant; drafting deposition

26   notices and various stipulations and joint motions; legal research; speaking to and interviewing

27   over 115 class members; drafting 36 declarations in support of plaintiffs' motions for class

28   certification; reviewing settlement documents; and speaking with numerous class member

-15-

1   regarding the settlement and claims process.  The Paralegals' hourly billing rate is $170 per hour.

2   The number of hours expended by Ms. Worden, Mr. Atlas, and Ms. Davis for work performed

3   and total fees of $54,655.00 are reasonable and necessary.

4         28.     The Settlement was reached as a result of the arm's-length negotiations facilitated

5   by an experienced and well-respected mediator over the course of several months beginning with

6   the August 31, 2011 mediation.  Though cordial and professional, the settlement negotiations

7   have been, at all times, adversarial and non-collusive in nature.  Continued good faith, but

8   occasionally contentious, negotiations were required to ultimately reach agreement. While

9   Plaintiffs believe in the merits of their case, they also recognize the inherent risks and uncertainty

10  of litigation and understand the benefit of providing a significant settlement sum now as opposed

11  to risking (i) the Court's denial of class certification of their Rule 23 classes; (ii) decertification of

12  the FLSA collective action; and/or (iii) an unfavorable result on the merits on summary judgment

13  or at trial and/or on an appeal, a process that can take several more years to litigate.

14        29.     Plaintiffs' claims involve complex and disputed legal issues and fact-specific

15  arguments which the Parties have litigated for two years.  As set forth in the Motion for Final

16  Approval, Section II.B (Principal Claims and Defenses), and Plaintiffs firmly believe in the

17  strength of their claims, but OSI also has strong defenses to liability.  There are also significant

18  risks to Plaintiffs' continuing ability to maintain this FLSA collective action and to obtain Rule

19  23 certification of the Nationwide and California classes.

20        30.     Plaintiffs contend with respect to the Rule 23 California Class that OSI violated a

21  number of California Labor Code laws with its piece-rate compensation plan, failure to pay

22  supplemental minimum wage for hours not constituting "Billable Time," and failure to pay

23  minimum wage for non-Billable Time which resulted in a miscalculation of the regular rate of

24  pay for purposes of calculating corresponding piece-rate overtime rate of pay. Plaintiffs believe

25  these claims are suitable for Rule 23 certification because they are based on company-wide

26  policies affecting Class Members which could be established using OSI's records and

27  documentation and representative testimony that would not require separate mini-trials on

28  liability.  Plaintiffs were prepared to address the Court's previous finding of inadequacy by

-16-

1   substituting a new Named Plaintiff for those found inadequate.  Furthermore, each of these claims

2   is subject to proof by way of OSI's policies, payroll records, and documentation.   The

3   conditionally certified FLSA claims for 1) the alleged failure to pay overtime and minimum wage

4   by pressuring auditors to not report all hours worked; and 2) the alleged failure to pay all wages

5   due by unilaterally cutting billed hours or pressuring field auditors to not report all time worked

6   would, unlike the documentary evidence available to prove the California claims and damages,

7   involve representative sampling and testimony of class members and of OSI's management in

8   offices around the country in light of the lack of written evidence to support such claims.

9        31.     OSI has presented significant defenses and good faith objections to Plaintiffs'

10   ability to obtain Rule 23 certification, maintaining that the claims are inappropriate for class

11   treatment due to the lack of commonality and predominance of individual inquiry.  Specifically,

12   OSI maintains that  Plaintiffs will not be able to establish class-wide practices and that individual

13   issues would predominate over common facts.  As such, OSI contends, Rule 23 certification

14   would likely be deemed inappropriate and that a motion to decertify the collective action will be

15   successful.

16        32.     Throughout this case, Class Counsel expended hundreds of hours and costs to

17   prosecute a California and Nationwide class action suit with no guarantee of compensation or

18   reimbursement in the hope of prevailing against a large and sophisticated company represented by

19   first-rate attorneys.  Class Counsel undertook all of the risks of this litigation on a contingent fee

20   basis – the potential risks of surviving dispositive motions, proving liability and damages,

21   prevailing in the "battle of the experts," winning at trial, surviving post-trial motions and appeals,

22   dealing with negative rulings in other cases with similar issues and business practices, and legal

23   uncertainty – at the same time that they faced the significant risk that they could litigate this case

24   for years, expend many thousands of hours of work, at great expense, and never be paid a penny.

25   The risk of non-payment supports application of the requested modest 1.26 multiplier on Class

26   Counsel's lodestar.

27        33.     Since the inception of this case, and due to the contingent nature of recovery, Class

28   Counsel has not received payment of any kind for their services or reimbursement of their costs.

-17-

1    Cohelan Khoury & Singer seeks reimbursement of their litigation costs totaling $50,580.47.

2    These costs were all reasonable and necessary to the prosecution of this case, and are unopposed

3    by Defendant.  Attached hereto as Exhibit 3 is a true and correct copy of Cohelan, Khoury &

4    Singer's itemized costs.

5         34.    Class Counsel respectfully moves for an enhancement award for each of the

6    named Plaintiffs in the amount of up to $25,000 to compensate them for initiating this action, the

7    substantial hours they worked to advance this case, risks undertaken for the payment of costs, the

8    impact of stigma on future employment opportunities, as well as a general release of all claims

9    arising from their employment.

10        35.    In assessing the reasonableness of an enhancement payment, several district

11   courts in the Ninth Circuit have applied the five-factor test set forth in the *Van Vranken v.*

12   *Atlantic Richfield Co.*, 901 F. Supp.294, 299 (N.D. Cal. 1995) wherein the Class Representative

13   was awarded $50,000.  *Van Vranken* analyzed (1) the risk to the class representative in

14   commencing a class action, both financial and otherwise, (2) the notoriety and personal

15   difficulties encountered by the class representative; (3) the amount of time and effort spent by

16   the class representative; (4) the duration of the litigation; and (5) the personal benefit or lack

17   thereof, enjoyed by the class representative.  Responsive to these factors, Ms. Graham and Ms.

18   Lampkin each have submitted a declaration detailing the risks they've undertaken by filing this

19   action for the payment of litigation costs in the event they lost this case and the impact of stigma

20   on future employment opportunities upon performance of background checks, the hundreds of

21   hours each spent since before the case was filed dedicated to advancing it were hours lost on

22   spending with family, friends and searching for gainful employment, and that as a result of

23   filing this as a class action, they delayed recovery of their individual damages.

24        36.    For instance, these Class Representatives risked a potential judgment taken against

25   them if this matter had not been successfully concluded.

26        37.    The risk of payment of Defendants' costs, in itself alone, is a sufficient basis for an

27   award to each of these Class Representatives.   Few individuals are willing to take this risk, and it

28   is clear that these class representatives championed a cause on behalf of others who were

                                              -18-

1    employed throughout the nation with potentially huge monetary risks.

2        38.    Courts have regularly and routinely granted approval of settlements containing

3    such enhancements.  In Class Counsel's experience, the typical enhancement award in wage and

4    hour cases ranges from $5,000 to $75,000, although some awards may be higher.

5        39.    Additionally, it is common knowledge that the modern day work force is quite

6    mobile, with employees holding several jobs in a career during their lifetime.  It is also true that

7    prospective employers in this computer, high-tech age, "Google" and/or do extensive background

8    checks and have access to Court databases to see if applicants have ever filed a lawsuit or have

9    ever been sued.  Here, these Class Representatives cost their former employer a substantial sum

10   of money by their courage to step forward to vindicate not only their own rights but also, those

11   rights of all other field auditors employed throughout the nation.  Such conduct will not be lost on

12   a prospective employer who has to choose between an applicant who has never sued an employer

13   and one who has done so.   Both Ms. Graham and Ms. Lampkin genuinely believe job

14   opportunities were lost because prospective employers withdrew their offers after discovering this

15   lawsuit was filed.  The requested enhancement far from compensates them for opportunities each

16   may lose in the future because of the exercise of a Constitutional right to Petition the Courts for

17   redress of a grievance.

18       40.    The requested enhancement of $25,000 is reasonable and supported by for the

19   substantial hours of work each performed, risks undertaken for payment of costs if this case had

20   not been successfully concluded, stigma on future employability, the substantial payments to

21   Participating Class Members and OSI's changes to the field auditor pay plan since this lawsuit

22   was initiated to properly compensate its employees.  Furthermore, the requested payment to each

23   of these Class Representatives was clearly stated in the Notice and not one objection was received

24   and Defendant has agreed to not oppose this request.

25       I declare under penalty of perjury that the foregoing is true and correct and that this

26   declaration is executed on January 14, 2013, at San Diego, California.

                                    /s/ Isam C. Khoury
27                                  Isam C. Khoury

28

                                    -19-

# EXHIBIT 1

.

**DECLARATION OF ISAM C. KHOURY IN SUPPORT OF MOTION FOR ORDER GRANTING ATTORNEYS' FEES,  COSTS, ENHANCEMENT PAYMENTS, AND CLAIMS ADMINISTRATION EXPENSES**
*Graham, et al. v. Overland Solutions, Inc.*
**U.S.D.C. Case No. 10cv0672 BEN (BLM)**

# SUMMARY OF TIME AND COSTS

*Graham, et al. v. Overland Solutions, Inc.*

**U.S.D.C. Case No. 10cv0672 BEN (BLM)**

**Attorneys' Hours:**   1,875.55
**Lodestar Fees:**   $ 888,580.00
**Costs:**   $ 50,580.74

last revised 1/13/13

| COHELAN KHOURY & SINGER | YEAR ADMITTED | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Timothy D. Cohelan | 1974 (38) | 12.1 | $750 | $  9,075.00 |
| Isam C. Khoury | 1974 (38) | 62.35 | $700 | $  43,645.00 |
| Michael D. Singer | 1984 (28) | 543.3 | $750 | $ 407,475.00 |
| Diana M. Khoury | 1987 (25) | 179.1 | $600 | $ 107,460.00 |
| Kimberly D. Neilson | 2001 (11) | 554.5 | $350 | $ 194,075.00 |
| Amber Worden, Paralegal | N/A | 9.5 | $170 | $   1,615.00 |
| Matthew Atlas, Paralegal | N/A | 23 | $170 | $   3,910.00 |
| Tiffany Davis, Paralegal | N/A | 289 | $170 | $  49,130.00 |
| **Cohelan Khoury & Singer Law Firm:** | | | SUBTOTAL: | $ 816,385.00 |
| **Law Offices of Michael P. Sousa, APC** | | | | |
| Michael P. Sousa | 2003 (9) | 177.7 | $350 | $  62,195.00 |
| **Law Offices of Michael P. Sousa, APC** | | | SUBTOTAL: | $  62,195.00 |
| *Anticipated attorney time to take case through the final approval process, attend final approval and supplemental hearings, if necessary, provide supplemental claims administrator declarations, work with defense counsel and claims administrator re: funding, distribution, tax forms, transmittal instruments-process, answer class member questions, etc., typically 25 to 30 hours at blended rate of $400 per hour* | | 25.00 | $400 | $  10,000.00 |
| *TOTAL HOURS & LODESTAR* | | 1,875.55 | | $ 888,580.00 |
| **LITIGATION EXPENSES** | | | | |
| Cohelan Khoury & Singer | | | | $  49,942.35 |
| Law Offices of Michael P. Sousa, APC | | | | $      638.39 |
| *TOTAL COSTS:* | | | | $  50,580.74 |

# EXHIBIT 2

**DECLARATION OF ISAM C. KHOURY IN SUPPORT OF MOTION FOR ORDER GRANTING
ATTORNEYS' FEES,  COSTS, ENHANCEMENT PAYMENTS, AND CLAIMS ADMINISTRATION
EXPENSES**
*Graham, et al. v. Overland Solutions, Inc.*
U.S.D.C. Case No. 10cv0672 BEN (BLM)

http://www.law.com/jsp/ .../PubArticlePrinterFriendlyNLJ.jsp?id=1...

# THE NATIONAL
# LAW JOURNAL

Select 'Print' in your browser menu to print this document.

Copyright 2009. Incisive Media US Properties, LLC. All rights reserved. National Law Journal Online
Page printed from: http://www.nlj.com

Back to Article

---

## A nationwide sampling of law firm billing rates

December 08, 2008

The National Law Journal asked the respondents to its 2008 survey of the nation's 250 largest law firms to provide a range of hourly billing rates for partners and associates. Firms that supplied this information — including some firms that are not in the NLJ 250 — are listed below in alphabetical order. We also asked firms to provide average and median billing rates, and several complied. The number after a firm's name indicates the total number of attorneys at the firm. The city listed after the name of a firm is the location of its principal or largest office.

The 2008 NLJ Billing Survey is available in downloadable Excel format from ALM Research.

Adams and Reese (253), New Orleans
Partners $240-$425 (average $318, median $310)
Associates $175-$300 (average $209, median $205)
Firmwide (average $257, median $265)

Arent Fox (336), Washington
Partners $410-$710
Associates $260-$465

Armstrong Teasdale (282), St. Louis
Partners $295-$450
Associates $175-$300

Baker, Donelson, Bearman, Caldwell & Berkowitz (549), Memphis, Tenn.
Partners $230-$525 average $339, median $330).
Associates $120-$300 (average $216, median $220)
Firmwide (average $295, median $290)

Balch & Bingham (244), Birmingham, Ala.
Partners $295-$600
Associates $200-$280

Bass, Berry & Sims (211), Nashville, Tenn.
Partners $240-$575 (average $410, median $420)
Associates $175-$365 (average $245, median $240)
Firmwide (average $307, median $300)

Best Best & Krieger (198), Riverside, Calif.
Partners $300-$550 (average $391, median $375)
Associates $190-$330 (average $252, median $245)
Firmwide (average $340, median $305)

Blank Rome (503), Philadelphia
Partners $425-$785 (average $525)
Associates $245-$485 (average $332)
Firmwide (average $400)

Bond, Schoeneck & King (189), Syracuse, N.Y.
Partners $210-$450 (average $306, median $310)

Associates $150-$250 (average $187, median $185)
Firmwide (average $268, median $275)

**Bradley Arant Rose & White (255),** Birmingham, Ala.
Partners $260-$550
Associates $170-$310

**Briggs and Morgan (175),** Minneapolis
Partners $300-$580 (average $420, median $425)
Associates $195-$290 (average $229, median $225)
Firmwide (average $368, median $390)

**Brinks Hofer Gilson & Lione (171),** Chicago
Partners $320-$700 (average $499, median $500)
Associates $180-$435 (average $281, median $275)
Firmwide (average $392, median $390)

**Broad and Cassel (179),** Orlando, Fla.
Partners $290-$475 (average $378, median $375)
Associates $175-$320 (average $245, median $248)
Firmwide (average $314, median $310)

**Brownstein Hyatt Farber Schreck (235),** Denver
Partners $275-$750 (average $424, median $400)
Associates $160-$285 (average $234, median $240)
Firmwide (average $340, median $325)

**Bryan Cave (852),** St. Louis
Partners $340-$750 (average $525, median $510)
Associates $170-$510 (average $314, median $310)
Firmwide (average $424, median $405)

**Buchalter Nemer (246),** Los Angeles
Partners $260-$500 (average $446, median $450)
Associates $225-$450 (average $283, median $275)
Firmwide (average $384, median $375)

**Buchanan Ingersoll & Rooney (529),** Pittsburgh
Partners $300-$1,020
Associates $100-$520

**Bullivant Houser Bailey (183),** Portland, Ore.
Partners $275-$525
Associates $190-$325

**Burr & Forman (208),** Birmingham, Ala.
Partners $210-$495 (average $352, median $350)
Associates $165-$305 (average $235, median $230)
Firmwide (average $271, median $295)

**Butzel Long (243),** Detroit
Partners $300-$650
Associates $180-$290

**Carlton Fields (281),** Tampa, Fla.
Partners $305-$650 (average $435, median $435)
Associates $195-$335 (average $267, median $265)
Firmwide (average $334, median $325)

**Cooley Godward Kronish (618),** Palo Alto, Calif.
Partners $525-$980
Associates $285-$570

**Cozen O'Connor (475),** Philadelphia
Partners $240-$840 (average $457, median $455)
Associates $205-$650 (average $342, median $325)

http://www.law.com/jsp/nlj/PubArticlePrinterFriendlyNLJ.jsp?id=1...

Firmwide (average $397, median $385)

**Curtis, Mallet-Prevost, Colt & Mosle (235)**, New York
Partners $675-$785 (average $730, median $730)
Associates $290-$575 (average $434, median $435)
Firmwide (average $520, median $515)

**Davis Wright Tremaine (487)**, Seattle
Partners $300-$710 (average $455, median $450)
Associates $190-$405 (average $280, median $280)
Firmwide (average $395, median $395)

**Day Pitney (405)**, Florham Park, N.J.
Partners $295-$710
Associates $220-$450

**Dickinson Wright (228)**, Detroit
Partners $275-$550
Associates $180-$300

**Dickstein Shapiro (403)**, Washington
Partners $475-$895 (average $607, median $605)
Associates $250-$475 (average $378, median $395)
Firmwide (average $493) (median $485)

**Dinsmore & Shohl (347)**, Cincinnati
Partners $220-$495 (average $347, median $338)
Associates $160-$305 (average $202, median $198)
Firmwide (average $284, median $275)

**Dorsey & Whitney (570)**, Minneapolis
Partners $235-$1,180 (average $505, median $510)
Associates $170-$820 (average $301, median $335)
Firmwide (average $407, median $430)

**Duane Morris (594)** (Philadelphia)
Partners $340-$755 (average $490, median $505)
Associates $230-$510 (average $326, median $350)
Firmwide (average $449, median $450)

**Dykema Gossett (374)**, Detroit
Partners $265-$650 (average $415)
Associates $170-$435 (average $277)

**Edwards Angell Palmer & Dodge (575)**, Boston
Partners $325-$755
Associates $170-$480
Firmwide (median $450)

**Epstein Becker & Green (372)**, New York
Partners $350-$850 (average $501, median $495)
Associates $175-$450 (average $312, median $300)
Firmwide (average $406, median $400)

**Fisher & Phillips (209)**, Atlanta
Partners $330-$505
Associates $195-$380

**Foley & Lardner (1,082)**, Milwaukee
Partners (average $596, median $585)
Associates (average $405, median $395)
Firmwide $185-$985 (average $508, median $520)

**Ford & Harrison (179)**, Atlanta
Partners $325-$585
Associates $245-$405

Fowler White Boggs Banker (201*), Tampa, Fla.
Partners $175-$525 (average $360, median $350)
Associates $160-$325 (average $222, median $220)
Firmwide (average $314, median $325)
(*Total prior to subsequent firm split.)

Fox Rothschild (440), Philadelphia
Partners $250-$590 (average $443, median $450)
Associates $215-$395 (average $275, median $260)
Firmwide (average $378, median $375)

Fredrikson & Byron (233), Minneapolis
Partners $250-$590 (average $402, median $395)
Associates $150-$315 (average $237, median $225)
Firmwide (average $340, median $340)

Frost Brown Todd (342), Cincinnati
Partners $225-$490 (average $317, median $310)
Associates $145-$260 (average $188, median $180)
Firmwide (average $272, median $270)

Gardere Wynne Sewell (281), Dallas
Partners $380-$750 (average $502, median $500)
Associates $210-$450 (average $306, median $300)
Firmwide (average $374, median $390)

Gibbons (230), Newark, N.J.
Partners $375-$700
Associates $220-$415

GrayRobinson (213), Orlando, Fla.
Partners $200-$650 (average $310, median $285)
Associates $125-$275 (average $164, median ($167)
Firmwide (average $239, median $252)

Greenberg Traurig (1,840), New York
Partners $335-$850 (average $520, median $535)
Associates $175-$525 (average $323, median $325)
Firmwide (average $426, median $425)

Harris Beach (179), Rochester, N.Y.
Partners $250-$475
Associates $140-$275

Hiscock & Barclay (187), Syracuse, N.Y.
Partners $190-$650 (average $351, median $359)
Associates $145-$430 (average $235, median $224)
Firmwide (average $319, median $322)

Hodgson Russ (227), Buffalo, N.Y.
Partners $240-$665 (average $355, median $350)
Associates $165-$450 (average $230, median $235)
Firmwide (average $303, median $300)

Hogan & Hartson (1,175), Washington
Partners $375-$900 (average $660, median $650)
Associates $150-$550 (average $410, median $400)
Firmwide (average $525, median $525)

Holland & Hart (406), Denver
Partners $295-$615 (average $414, median $405)
Associates $175-$355 (average $269, median $275)
Firmwide (average $350, median $345)

Holme Roberts & Owen (228), Denver

http://www.law.com/jsp/·↑t/PubArticlePrinterFriendlyNLJ.jsp?id=1...

Partners $285-$635 (average $415, median $410)
Associates $160-$525 (average $294, median $265)
Firmwide (average $355, median $345)

Howard Rice Nemerovski Canady Falk & Rabkin (102), San Francisco
Partners $515-$795
Associates $275-$510

Hughes Hubbard & Reed (334), New York
Partners $625-$875
Associates $270-$600

Husch Blackwell Sanders (629), St. Louis
Partners $205-$740 (average $352, median $340)
Associates $150-$380 (average $218, median $215)
Firmwide (average $302, median $300)

Jackson Kelly (187), Charleston, W.Va.
Partners $200-$435 (average $238, median $247)
Associates $135-$335 (average $155, median $151)
Firmwide (average $214, median $212)

Jackson Lewis (517), White Plains, N.Y.
Partners $250-$595
Associates $180-$405

Jenner & Block (482), Chicago
Partners $525-$1,000 (average $616, median $575)
Associates $325-$495 (average $393, median $375)

Jones, Walker, Waechter, Poitevent, Carrère & Denègre (264), New Orleans
Partners $225-$620 (average $332, median $325)
Associates $140-$250 (average $186, median $160)
Firmwide (average $277, median $275)

Kilpatrick Stockton (466), Atlanta
Partners $310-$695 (average $485, median $475)
Associates $225-$400 (average $290, median $275)
Firmwide (average $400, median $395)

Kelley Drye & Warren (378), New York
Partners $430-$850
Associates $255-$520

Knobbe, Martens, Olson & Bear (249), Irvine, Calif.
Partners $375-$660 (average $473, median $450)
Associates $245-$430 (average $287, median $275)
Firmwide (median $362)

Lane Powell (170), Seattle
Partners $325-$550 (average $495, median $400)
Associates $195-$325 (average $270, median $275)
Firmwide (average $327, median $350)

Lathrop & Gage (281), Kansas City, Mo.
Partners $255-$490
Associates $180-$265

Leonard, Street and Deinard (189), Minneapolis
Partners $310-$530
Associates $200-$315

Lewis, Rice & Fingersh (164), St. Louis
Partners $225-$440
Associates $140-$305

http://www.law.com/jsp/ '1/PubArticlePrinterFriendlyNLJ.jsp?id=1...

Lindquist & Vennum (185), Minneapolis
Partners $280-$450 (average $367, median $375)
Associates $180-$295 (average $218, median $210)
Firmwide (average $309, median $330)

Locke Lord Bissell & Liddell (707), Dallas
Partners $375-$975 (average $527, median $525)
Associates $225-$450 (average $313, median $300)
Firmwide (average $433, median $450)

Loeb & Loeb (310), New York
Partners $450-$925 (average $651, median $650)
Associates $260-$500 (average $422, median $425)
Firmwide (average $534, median $500)

Lowenstein Sandler (278), Roseland, N.J.
Partners $400-$765
Associates $220-$405

Luce, Forward, Hamilton & Scripps (187), San Diego
Partners $350-$650 (average $463, median $463)
Associates $235-$460 (average $293, median $280)
Firmwide (average $397, median $400)

Manatt, Phelps & Phillips (388), Los Angeles
Partners $495-$850 (average $626, median $620)
Associates $290-$505 (average $407, median $410)
Firmwide (average $533) (median $550)

Marshall, Dennehey, Warner, Coleman & Goggin (408), Philadelphia
Partners $135-$400
Associates $120-$300

McCarter & English (399), Newark, N.J.
Partners $325-$635 (average $435, median $440)
Associates $215-$395 (average $280, median $285)
Firmwide (average $353, median $345)

McElroy, Deutsch, Mulvaney & Carpenter (232), Morristown, N.J.
Partners $295-$450 (average $250, median $235)
Associates $135-$225 (average $180, median $165)
Firmwide (average $195, median $215)

McKee Nelson (202), New York
Partners $665-$995
Associates $395-$630

McKenna Long & Aldridge (435), Atlanta
Partners $370-$750 (average $454)
Associates $220-$450 (average $274)

Michael Best & Friedrich (229), Milwaukee
Partners $235-$620 (average $391, median $375)
Associates $190-$330 (average $252, median $245)
Firmwide (average $340, median $305)

Miller, Canfield, Paddock and Stone (387), Detroit
Partners $275-$620 (average $425, median $425)
Associates $165-$375 (average $240, median $240)
Firmwide (average $347, median $355)

Miller & Martin (195), Chattanooga, Tenn.
Partners $210-$610 (average $354, median $360)
Associates $180-$305 (average $210, median $205)
Firmwide (average $316, median $330)

http://www.law.com/jsp/ '\/PubArticlePrinterFriendlyNLJ.jsp?id=1...

Montgomery, McCracken, Walker & Rhoads (151), Philadelphia
Partners $360-$585 (average $440)
Associates $195-$365 (average $270)
Firmwide (average $360)

Moore & Van Allen (300), Charlotte, N.C.
Partners $280-$770 (average $428, median $410)
Associates $180-$365 (average $256, median $250)
Firmwide (average $283, median $273)

Nexsen Pruet (174), Columbia, S.C.
Partners $250-$450
Associates $170-$250

Nixon Peabody (699), Boston
Partners $565-$845 (average $570, median $590)
Associates $230-$350 (average $370, median $365)
Firmwide (average $466, median $430)

Ogletree, Deakins, Nash, Smoak & Stewart (428), Greenville, S.C.
Partners $275-$600 (average $367)
Associates $185-$380 (average $266)
Firmwide (average $325)

Patton Boggs (529), Washington
Partners $360-$990 (average $586, median $570)
Associates $244-$535 (average $372, median $385)
Firmwide (average $440, median $455)

Pepper Hamilton (514), Philadelphia
Partners $385-$795
Associates $240-$395

Perkins Coie (632), Seattle
Partners $260-$785 (average $498)
Associates $165-$515 (average $329)

Phelps Dunbar (258), New Orleans
Partners $170-$450 (average $256, median $250)
Associates $130-$259 (average $171, median $165)
Firmwide (average $213, median $205)

Phillips Lytle (179), Buffalo, N.Y.
Partners $250-$475 (average $334, median $330)
Associates $155-$355 (average $230, median $220)
Firmwide (average $288, median $300)

Polsinelli Shalton Flanigan Suelthaus (304), Kansas City, Mo.
Partners $250-$600
Associates $175-$275

Quarles & Brady (450), Milwaukee
Partners $280-$625 (average $419, median $420)
Associates $200-$375 (average $252, median $245)
Firmwide (average $347, median $342)

Reed Smith (1,558*), Pittsburgh
Partners $375-$900 (average $626, median $585)
Associates $235-$580 (average $423, median $390)
Firmwide (average $441, median $425)
(*National Association for Law Placement figure. The firm recently reported an attorney count of 1,505.)

Robinson & Cole (215), Hartford, Conn.
Partners $320-$650 (average $436, median $440)
Associates $210-$350 (average $276, median $275)
Firmwide (average $346, median $350)

5/28/2009 9:54 PM

http://www.law.com/jsp/⌐V/PubArticlePrinterFriendlyNLJ.jsp?id=1...

Roetzel & Andress (227), Akron, Ohio
Partners $225-$500 (average $333, median $325)
Associates $170-$295 (average $219, median $215)
Firmwide (average $292, median $300)

Rutan & Tucker (140), Costa Mesa, Calif.
Partners $315-$635
Associates $220-$370

Saul Ewing (231), Philadelphia
Partners $295-$800 (average $441, median $430)
Associates $205-$535 (average $285, median $255)
Firmwide (average $372, median $380)

Schnader Harrison Segal & Lewis (189), Philadelphia
Partners $275-$625
Associates $160-$375

Schulte Roth & Zabel (481), New York
Partners $695-$895 (average $770, median $755)
Associates $255-$650 (average $495, median $510)
Firmwide (average $550, median $530)

Sedgwick, Detert, Moran & Arnold (380), San Francisco
Partners $295-$650 (average $398, median $380)
Associates $185-$390 (average $262, median $260)
Firmwide (average $318, median $300)

Sheppard, Mullin, Richter & Hampton (458), Los Angeles
Partners $475-$795
Associates $275-$455 (up to $580 in New York)

Shughart Thomson & Kilroy (179), Kansas City, Mo.
Partners $240-$500
Associates $185-$245

Shumaker, Loop & Kendrick (180), Toledo, Ohio
Partners $225-$500 (average $329, median $325)
Associates $185-$380 (average $227, median $225)
Firmwide (average $297, median $315)

Shutts & Bowen (203), Miami
Partners $190-$540
Associates $190-$240

Sills Cummis & Gross (165), Newark, N.J.
Partners $395-$725
Associates $215-$425

Smith, Gambrell & Russell (181), Atlanta
Partners $260-$595
Associates $155-$335

Snell & Wilmer (440), Phoenix
Partners $300-$725 (average $444)
Associates $170-$420 (average $271)
Firmwide (average $354)

Steptoe & Johnson LLP (506), Washington
Partners $350-$895 (average $591, median $580)
Associates $210-$695 (average $384, median $395)
Firmwide (average $477, median $470)

Steptoe & Johnson PLLC (182), Clarksburg, W.Va.
Partners $200-$325

Associates $170-$250

**Stinson Morrison Hecker (324)**, Kansas City, Mo.
Partners $275-$680 (average $363, median $373)
Associates $190-$290 (average $224, median $228)
Firmwide (average $293, median $275)

**Stoel Rives (350)**, Portland, Ore.
Partners $290-$550
Associates $170-$365

**Strasburger & Price (194)**, Dallas
Partners $300-$580
Associates $185-$395
Firmwide (average $334)

**Sullivan & Worcester (182)**, Boston
Partners $450-$775 (average $603, median $600)
Associates $270-$490 (average $343, median $330)
Firmwide (average $485, median $495)

**Sutherland Asbill & Brennan (429)**, Atlanta
Partners $395-$750 (average $543, median $530)
Associates $240-$450 (average $316, median $300)
Firmwide (average $379, median $380)

**Taft Stettinius & Hollister (327)**, Cincinnati
Partners $200-$475 (average $354, median $355)
Associates $165-$325 (average $217, median $195)
Firmwide (average $294, median $295)

**Thompson Coburn (344)**, St. Louis
Partners $295-$555
Associates $170-$400

**Thompson Hine (396)**, Cleveland
Partners $275-$740 (average $425, median $420)
Associates $185-$510 (average $240, median $235)
Firmwide (average $330, median $325)

**Thompson & Knight (458)**, Dallas
Partners $410-$785 (average $545, median $530)
Associates $250-$500 (average $334, median $345)
Firmwide (average $453, median $450)

**Ulmer & Berne (176)**, Cleveland
Partners $230-$495 (average $319)
Associates $175-$310 (average $205)
Firmwide (average $262)

**Vedder Price (265)**, Chicago
Partners $310-$685 (average $455, median $445)
Associates $235-$390 (average $290, median $290)
Firmwide (average $385, median $390)

**Venable (589)**, Washington
Partners $380-$950 (average $530, median $525)
Associates $250-$425 (average $329, median $320)
Firmwide (average $440, median $440)

**White & Case (2,205)**, New York
Partners $550-$1,260 (average $747)
Associates $160-$920 (average $456)
Firmwide (average $513)

**Wiggin and Dana (152)**, New Haven, Conn.

· http://www.law.com/jsp' *\/PubArticlePrinterFriendlyNLJ.jsp?id=1...

Partners $360-$600
Associates $215-$375

**Williams Mullen (326), Richmond, Va.**
Partners $300-$625 (average $401, median $380)
Associates $170-$355 (average $260, median $255)
Firmwide (average $344, median $350)

**Winstead (281), Dallas**
Partners $365-$555 (average $465)
Associates $215-$385 (average $282)
Firmwide (average $390)

**Winston & Strawn (1,004), Chicago**
Partners $400-$975 (average $622)
Associates $210-$625 (average $376)
Firmwide (average $448)

**Womble Carlyle Sandridge & Rice (505), Winston-Salem, N.C.**
Partners $285-$750 (average $448, median $450)
Associates $140-$370 (average $275, median $275)
Firmwide (average $248, median $200)

**Wyatt Tarrant & Combs (193), Louisville, Ky.**
Partners $225-$450 (average $340, median $345)
Associates $180-$255 (average $210, median $210)
Firmwide (average $300, median $310)

5/28/2009 9:54 PM

# EXHIBIT 3

**DECLARATION OF ISAM C. KHOURY IN SUPPORT OF MOTION FOR ORDER GRANTING
ATTORNEYS' FEES,  COSTS, ENHANCEMENT PAYMENTS, AND CLAIMS ADMINISTRATION
EXPENSES**
*Graham, et al. v. Overland Solutions, Inc.*
U.S.D.C. Case No. 10cv0672 BEN (BLM)

## COHELAN KHOURY & SINGER
A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

### ATTORNEYS AT LAW

TIMOTHY D. COHELAN, * APLC
ISAM C. KHOURY, APC
DIANA M. KHOURY, APLC
MICHAEL D. SINGER, · APLC

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA  92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

JEFF GERACI ∆
J. JASON HILL†
KIMBERLY D. NEILSON

(* Also admitted in the District of Columbia)
(· Also admitted in Colorado)

(† Also admitted in Illinois)
(∆ Of Counsel)

ckslaw.com

### Graham v. Overland Solutions
1/3/13

| | | | |
|---|---|---|---|
| 2/16/10 | Clerk of the Court | Filing Fee/Complex Fee | 905.00 |
| 3/4/10 | Janney & Janney | SOP: Overland Solutions, Inc. | 45.00 |
| 3/10/10 | Dept. Of Ind. Rel. | Records | 79.23 |
| 7/16/10 | Joyce Graham | Client Reimb. - Parking | 35.00 |
| 7/16/10 | Kimberly Neilson | Travel - Parking/Mileage/Lunch w/client | 273.77 |
| 7/21/10 | Porto Vista Hotel | Hotel for Client Joyce Lampkin | 243.46 |
| 8/11/10 | U.S. Legal Support | Deposition Transcripts - Lamkin/Graham | 2631.85 |
| 8/23/10 | Kimberly Neilson | Travel - Parking | 12.00 |
| 9/1/10 | Miles Locker | Expert | 7500.00 |
| 9/13/10 | Michael Singer | Travel -Kansas (Hotel/Meal/Car) | 430.91 |
| 9/21/10 | Kimberly Neilson | Travel - Depo. LA | 191.99 |
| 10/4/10 | Kramm & Assoc. | Deposition Transcripts - Vicky Ross/Carole Lyman | 1091.75 |
| 10/18/10 | David Goldschlag | Witness Fee | 42.20 |
| 10/20/10 | O'Neil & Assoc. | Expert | 10000.00 |
| 10/22/10 | Janney & Janney | Served: Subpoena to Testify (Goldschlag) | 132.20 |
| 10/27/10 | Kramm & Assoc. | Deposition Transcript of Golschlag | 983.70 |
| 10/26/10 | Springhill Suites | Hotel for KDN Lancaster | 138.03 |
| 10/28/10 | Kimberly Neilson | Travel - Deposition in Lancaster | 230.29 |
| 11/30/10 | Lexis Nexis | Research | 132.14 |
| 12/31/10 | Lexis Nexis | Research | 15.67 |

# COHELAN KHOURY & SINGER
A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

### ATTORNEYS AT LAW

TIMOTHY D. COHELAN, * APLC
ISAM C. KHOURY, APC
DIANA M. KHOURY, APLC
MICHAEL D. SINGER, · APLC

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA  92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

JEFF GERACI ▵
J. JASON HILL†
KIMBERLY D. NEILSON

(*Also admitted in the District of Columbia)
(· Also admitted in Colorado)

ckslaw.com

(† Also admitted in Illinois)
(▵ Of Counsel)

| 1/7/11 | O'Neil & Assoc. | Expert | 9500.00 |
|---|---|---|---|
| 2/28/11 | Lexis Nexis | Research | 137.07 |
| 3/31/11 | Lexis Nexis | Research | 14.69 |
| 5/31/11 | Jeffrey Ross | Mediation Fee | 3000.00 |
| 8/30/11 | Southwest Airlines | MDS/ICK | 914.80 |
| 8/30/11 | Isam Khoury | Hotel - ICK/MDS | 1152.46 |
| 8/30/11 | Isam Khoury | Travel SF - Mediaton (Cab Fares) | 90.00 |
| 8/30/11 | Michael Singer | Travel SF - Mediation | 61.00 |
| 9/1/11 | Phillips Fractor | Statistician/Consulting | 6990.50 |
| 9/15/11 | U.S. Treasury | Freedom Info Act Request | 95.40 |
| 3/9/10-9/22/11 | UPS | Overnight Deliveries | 829.54 |
| | In House | Photocopies (6932 copies @.25) | 1733.00 |
| | In House | Postage | 309.70 |
| | | | **$49,942.35** |

1  **COHELAN KHOURY & SINGER**
   Isam C. Khoury, SBN 58759
2  Michael D. Singer, SBN 115301
   Diana M. Khoury, SBN 128643
3  Kimberly D. Nielson, SBN 216571
   605 C Street, Suite 200
4  San Diego, California 92101-5305
   Telephone: (619) 595-3001 / Facsimile: (619) 595-3000
5
   **LAW OFFICES OF MICHAEL P. SOUSA, APC**
6  Michael P. Sousa, SBN 229416
   3232 Governor Drive, Suite "A"
7  San Diego, California 92122
   Telephone: (858) 453-6122 / Facsimile: (858) 453-2155
8
   Attorneys for Plaintiffs and the Proposed Classes
9
                    **UNITED STATES DISTRICT COURT**
10
                  **SOUTHERN DISTRICT OF CALIFORNIA**
11

| 12 | JOYCE GRAHAM and JOYCE LAMPKIN, on behalf of themselves and all others similarly situated, | Case No. 10CV0672 BEN (BLM) |
|---|---|---|
| 13 | | **COLLECTIVE AND CLASS ACTION** |
| 14 | Plaintiffs, | |
| 15 | vs. | [PROPOSED] ORDER GRANTING AWARD OF ATTORNEYS' FEES, COSTS, CLASS REPRESENTATIVE ENHANCEMENT PAYMENTS AND CLAIMS ADMINISTRATION EXPENSES |
| 16 | OVERLAND SOLUTIONS, INC., a Delaware corporation and; and DOES 1-100, inclusive, | |
| 17 | | |
| 18 | Defendant. | |
| 19 | | Date:          January 29, 2013 |
| 20 | | Time:          10:30 a.m. Dept:          3 (Fourth Floor) Judge:         Hon. Roger T. Benitez |
| 21 | | |
| 22 | | Complaint filed:   February 16, 2010 Trial Date:          None |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1    This matter came on for hearing before this Court on Class Counsel's Motion for Award

2    of Attorneys' Fees, Costs, Class Representative Enhancement Payments and Claims

3    Administration Expenses pursuant to the Order Granting Preliminary Approval.

4

5    The Court having considered the documents filed by the Parties in connection with the

6    class action settlement, the oral arguments of counsel, as well as the comments and materials

7    received from Parties interested in the Settlement, finds as follows:

8

9    1.    The Court finds that Class Counsel, having conferred a benefit on absent Class

10   Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and

11   accordingly, the Court approves the application of Class Counsel, Law Offices of Cohelan &

12   Khoury and Law Offices of Michael P. Sousa, APC for $1,125,000 for their attorneys' fees, and

13   $50,580.74 for their litigation expenses.

14

15   2.    The Court approves a payment to the Class Representative, Plaintiff Joyce

16   Graham, as an enhancement in the amount of $25,000 for the initiation of this action, the

17   substantial hours worked on this case, the risks undertaken for the payment of attorneys' fees and

18   costs in the event the case were lost, the loss of future employment opportunities due to stigma,

19   and the giving of a broader release of claims than that provided by the Class as more fully set

20   forth in the moving papers.

21

22   3.    The Court approves a payment to the Class Representative, Plaintiff Joyce

23   Lampkin, as an enhancement in the amount of $25,000 for the initiation of this action, the

24   substantial hours worked on this case, the risks undertaken for the payment of attorneys' fees and

25   costs in the event the case were lost, the loss of future employment opportunities due to stigma,

26   and the giving of a broader release of claims than that provided by the Class as more fully set

27   forth in the moving papers.

28

[PROPOSED] ORDER GRANTING AWARD OF                    CASE NO.  10CV0672 BEN (BLM)
ATTORNEYS' FEES, COSTS, ETC.
                                    [2]

1    4.    The Court further approves payment of the fees and costs of the appointed claims

2    administrator, Rust Consulting, Inc., of $52,500 for services rendered and to be rendered in

3    connection with the completion of its duties pursuant to the settlement.

4

5    5.    Any separate appeal from the portion of the Judgment regarding the attorneys' fees

6    and litigation costs awards or the Class Representative Enhancement payments shall not operate

7    to terminate or cancel the Settlement Agreement.

8

9    6.    Within 15 days of the Date of Finality, as that term is defined by the Settlement

10   Agreement, the total amount of the Maximum Settlement Amount necessary to pay all

11   Participating Class Member claims approved for payment by the Claims Administrator, and

12   employer-sided taxes (from the residue) pursuant to the terms of the Settlement Agreement as

13   well as all sums awarded by the Court in the amounts set forth above, ("Court Awards") shall be

14   forwarded by the Defendant to the Claims Administrator.

15

16   7.    Within 10 days of the receipt of monies by the Claims Administrator to satisfy the

17   Court Awards, the Court further directs Rust Consulting, Inc., to mail by first-class mail, to each

18   Participating Class Member, his/her Individual Settlement Payment as calculated by the Claims

19   Administrator pursuant to the formula set forth in the Settlement Agreement.

20

21   8.    Within 10 days of the receipt of monies by the Claims Administrator to satisfy the

22   Court Awards, the Court directs Rust Consulting, Inc., to issue to itself for the services rendered

23   and to be rendered a check in amount of $52,500.

24

25   9.    Within 5 days of the receipt of monies by the Claims Administrator to satisfy the

26   Court Awards, the Court directs the Claims Administrator to transmit to Class Counsel, via

27   checks, the Class Representative Enhancement payment to Plaintiff Joyce Graham in the sum of

28   $25,000 and to Plaintiff Joyce Lampkin in the sum of $25,000.

1         10.    Within 5 days of the receipt of monies by the Claims Administrator to satisfy the

2    Court Awards, the Court directs the Claims Administrator to transmit to Class Counsel, via check

3    or wire transfer, attorneys' fees in the sum of $1,125,000 and litigation costs of $50,580.74.

4    

5         11.    The Court retains jurisdiction over the administration and effectuation of the

6    Settlement including, but not limited to, the ultimate disbursal to the Participating Class

7    Members, payment of attorneys' fees and costs, the enhancement payments to the Plaintiffs/Class

8    Representatives,  and the claims administration expenses and other issues related to this

9    Settlement.

10   

11   IT IS SO ORDERED.

12   Dated:   January 19, 2013

13   

14   

15   HON. ROGER T. BENITEZ
     Judge of the United States District Court
16   for the Southern District of California

17   

18   

19   

20   

21   

22   

23   

24   

25   

26   

27   

28