UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AMBROSINO, *et al.*, | Civil No. 11cv1319 L (MDD) |
| Plaintiffs, | **ORDER GRANTING JOINT MOTION FOR APPROVAL OF THE RENEWED SETTLEMENT AGREEMENT [DOC. 79]** |
| v. | |
| HOME DEPOT U.S.A, INC., | |
| Defendant. | |

Pending before the Court is the parties' second renewed joint motion for approval of the settlement agreement. [Doc. 79.] For the following reasons, the Court **GRANTS** the joint motion and **APPROVES** the settlement agreement.

**I.    BACKGROUND**

On October 22, 2012, Plaintiffs filed their Amended Complaint alleging, *inter alia*, violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (*Amended Complaint* [Doc. 21] ¶¶ 50-59.) On March 7, 2014, the parties filed a joint motion for approval of the settlement and dismissal of the action. (*Mot. Approval* [Doc. 63].) On the same day, the parties filed a joint motion to file the settlement agreement under seal. (*Mot. Seal* [Doc. 64].) The parties agreed that the settlement agreement should remain confidential. (*Id.* ¶¶ 3-4.)

On March 10, 2014, this Court denied the parties joint motions because they failed to

meet the Ninth Circuit's "compelling reasons" standard for sealing the proposed settlement agreement. (*Order Denying Motion for Settlement and Motion to File Documents Under Seal* [Doc. 69].) On March 24, 2014, the parties filed a renewed joint motion to approve their settlement agreement. (*Renewed Mot. Approval* [Doc. 72].)

On April 28, 2014, this Court denied the parties' renewed joint motion because the parties failed to demonstrate that proposed settlement agreement was "fair and reasonable." (*Order Denying Renewed Motion* [Doc. 73] 3-6.) On May 27, 2014, the parties timely filed their second renewed joint motion to approve their settlement agreement. (*Second Renewed Mot. Approval* [Doc. 79].)

## II. LEGAL STANDARD

The Eleventh Circuit has explained that an FLSA claim can be settled in two ways. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982).[1] First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Id.* Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

//
//
//

---

[1] While the Ninth Circuit has not specifically addressed the question of whether FLSA claims may only be settled and resolved in two ways, district courts in the Ninth Circuit have followed *Lynn's Food Stores*. *See, e.g., Khanna v. Inter–Con Sec. Systems, Inc.*, 2012 WL 4465558, at *10–11(E.D.Cal.2012); *Campanelli v. Hershey Co.*, 2011 WL 3583597, at *1 (N.D.Cal.2011); *Lee v. The Timberland Co.*, 2008 WL 2492295, at *2 (N.D.Cal.2008); *Yue Zhou v. Wang's Restaurant*, 2007 WL 17230, at *1–3 (N.D.Cal.2007).

### III.   **DISCUSSION**

The Court is has already held that this case involves a bona fide dispute over the existence and extent of Defendant's FLSA liability.  In order to approve the proposed settlement agreement, the Court must now determine whether the agreement is fair and reasonable.

A district court may approve an FLSA settlement if the proposed settlement reflects "a reasonable compromise over [disputed] issues ." *Lynn's Food Stores*, 679 F.2d at 1354. In its previous order, the Court noted the following deficiencies in the parties proposed settlement and accompanying motion: (1) the parties provided no evidence or analysis regarding whether the settlement amount to be paid to plaintiffs was fair and reasonable, (2) the parties failed to provide any information regarding the fairness and reasonableness of the individual settlement amounts, allocated to each plaintiff, (3) the scope of the waiver and release provisions were overbroad, and (4) the parties failed to produce evidence that the stipulated amount of attorney's fees was fair and reasonable.  The Court is satisfied that these deficiencies have been rectified.

First, the Court is now satisfied that the total settlement amount and the amount to be paid to each plaintiff are fair and reasonable.  From the parties renewed motion, it is clear that the parties have weighed the potential value of the claims in light of the number of weeks the plaintiffs worked during the relevant period, the plaintiffs' individual salaries, and their estimated overtime eligibility during the relevant period. (*Renewed Mot. Approval* 3-4.)  The parties have also weighed the likelihood of prevailing on the merits of their claims and defenses and determined that the settlement amount, which consists of about 47% of their maximum damages, is a fair compromise. (*Id.* 4-5.)  Further, the parties have clarified, to the Court's satisfaction, that each plaintiff received his or her pro rata share of the award based on "his or her salary, number of weeks worked as an assistant store manager during the limitations period, and whether he or she had a viable California state law claim." (*Id.* 5)

Second, the scope of the waiver and release provisions are now appropriate.  Before, these provisions included claims that were unrelated to the claims asserted in the complaint. (*See April 28, 2014 Order* 4-6.)  Now, these provisions "appropriately track the breadth of Plaintiffs' allegations in the action." (*Settlement Agreement* [Doc. 79-3] ¶¶ 3, 8); *see Vasquez v.*

*Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1126, (E.D. Cal. 2009).

Third, the parties have established that plaintiffs' attorneys' fees in the amount of $113,588.76 (33.3% of the total recovery) plus expenses in the amount of $39, 291.15 are fair and reasonable. Indeed, each plaintiff has approved this amount. (*Renewed Mot. Approval* 6-18.)

## IV.  CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the joint motion and **APPROVES** the settlement in its entirety. In approving the parties' settlement agreement, the Court balanced numerous factors, including the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. *See, e.g.*, *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir.1993).

**IT IS SO ORDERED.**

DATED: August 11, 2014

_____
M. James Lorenz
United States District Court Judge